Opinion issued November 17, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01190-CR




MICHAEL ANTHONY SALAZAR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 991273




MEMORANDUM OPINION
          A jury convicted appellant, Michael Anthony Salazar, of assault of a household
member by causing bodily injury, enhanced by one prior conviction of assault of a
family member. The trial court assessed punishment at twelve years in prison. On
appeal, appellant challenges the legal and factual sufficiency of the evidence (1) to
support his conviction, (2) to establish that the complainant was a member of
appellant’s household, and (3) to establish that the prior assault was of a family
member. We affirm.
BACKGROUND
          On the morning of May 19, 2004, the complainant was sitting on his front
porch looking through his mail. The complainant’s step-son, hereinafter appellant,
came up to him holding a truck shock absorber and yelling obscenities. Appellant
then kicked the complainant in the left eye, causing the complainant to fall down from
his chair. Appellant’s sister-in-law and sister heard the noise on the porch and came
out of the house. Appellant then kicked the complainant a second time. 
          During the trial, the State’s witnesses testified that four or five years ago,
appellant had lived with the complainant for a period of time varying from three
weeks to five months. In addition, appellant’s sister testified that she was the victim
of an assault for which appellant had been previously convicted.
DISCUSSION
          In six points of error, appellant contends that the evidence was legally and
factually insufficient to support his conviction for felony assault because (1) the
State’s evidence incriminating the appellant was not credible, (2) the State did not
prove that the complainant was part of the appellant’s household, and (3) the State did
not prove that the appellant’s prior assault conviction was against a family member.
A.      The Standard of Review
          In our legal-sufficiency review, we view the evidence in the light most
favorable to the verdict and ask whether any rational fact finder could have found the
crime’s essential elements beyond a reasonable doubt. Johnson v. State, 23 S.W.3d
1, 11 (Tex. Crim. App. 2000). In our factual-sufficiency review, we examine all of
the evidence neutrally and ask whether proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination or so greatly outweighed by
contrary proof as to indicate that a manifest injustice has occurred. See Zuliani v.
State, 97 S.W.3d 589, 593-94 (Tex. Crim. App. 2003). Under both legal and factual
sufficiency, the fact finder is the sole judge of the weight and credibility of the
witnesses’ testimony. Johnson, 23 S.W.3d at 7. The jury may choose to believe all,
some, or none of any witness’s testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986). 
B.      The Law
          The indictment alleged that appellant had committed the felony offense of
assault against a household member pursuant to Penal Code section 22.01(a)(1) and
(b)(2). See Tex. Pen. Code Ann. § 22.01(a)(1), (b)(2) (Vernon Supp. 2004–2005). 
In order to prove that appellant assaulted a household member, the State had to prove
that (1) appellant “intentionally, knowingly, or recklessly cause[d] bodily injury,” (2)
against “a member of the defendant's family or household,” and (3) to “show[] on the
trial of the offense that the defendant has been previously convicted of an offense
against a member of the defendant's family or household.” Tex. Pen. Code Ann.
§ 22.01(a)(1), (b)(2).
          The term “family,” as used by Penal Code section 22.01(b)(2), includes
individuals related by consanguinity or affinity. Tex. Pen. Code Ann. § 22.01(e)(1)
(Vernon Supp. 2004–2005); Tex. Fam. Code Ann. § 71.003 (Vernon 2002). 
Individuals are related to one another by consanguinity if one is a descendent of the
other or they share a common ancestor. Tex. Gov’t Code Ann. § 573.022(a)
(Vernon 2004). Two individuals are related to each other by affinity if they are
married to each other or the spouse of one of the individuals is related by
consanguinity to the other individual. Tex. Gov’t Code Ann. § 573.024(a) (Vernon
2004). The term “household,” as used by Penal Code section 22.01(b)(2), includes
persons living together in the same dwelling regardless of whether they are related
to one another. Tex. Pen. Code Ann. § 22.01(e)(2); Tex. Fam. Code Ann. § 71.005
(Vernon 2002). A “member of a household” includes a person who previously lived
in a household. Tex. Fam. Code Ann. § 71.006 (Vernon 2002).
C.      Credibility of State’s Evidence
          In points of error one and two, appellant contends that the evidence is legally
and factually insufficient to support his conviction because the State’s evidence
incriminating appellant was not credible. More specifically, appellant argues that
there is insufficient “evidence to establish that the appellant had assaulted the
complainant as alleged in the indictment.” 
          The indictment, in pertinent part, states:
MICHAEL ANTHONY SALAZAR, hereafter styled the Defendant,
heretofore on or about MAY 19, 2004, did then and there unlawfully,
intentionally and knowingly cause bodily injury to ROY GUERRERO,
a member of the Defendant’s HOUSEHOLD, and hereafter styled the
Complainant by STRIKING THE COMPLAINANT WITH HIS FOOT.
 
Appellant argues that the evidence against him is not credible because only one of the
two witnesses saw appellant kick the complainant in the eye, the other witness could
not adequately explain how appellant could have kicked the complainant with a table
blocking appellant’s path, and no shock absorber was found on appellant at the time
of his arrest.
          The fact finder judges the credibility of the witnesses. We do not. Johnson,
23 S.W.3d at 7. The evidence showed that one witness saw the assault; the table was
not between the complainant and appellant at the time of the assault; and someone
had taken the shock absorber from appellant before his arrest. Appellant did not
introduce any evidence to the contrary. The State’s evidence is both legally and
factually sufficient to support appellant’s conviction for assault.
          We overrule points of error one and two.
D.      Complainant Was Part of the Appellant’s Household
          In points of error three and four, appellant argues that the evidence is legally
and factually insufficient to show that the complainant was part of the appellant’s
household because there was inconsistent testimony of the duration of appellant’s
time living with the complainant. See Tex. Pen. Code Ann. § 22.01(b)(2).
          The jury charge defined “member of a household” as including a person who
previously lived in a household. See Tex. Fam. Code Ann. § 71.006. Witnesses
testified that appellant lived in the complainant’s household four or five months, three
months, or three weeks. Even though there is a conflict over the length of time
appellant lived with the complainant, that testimony is still evidence that appellant did
live in the complainant’s household. Viewing the evidence in the light most
favorable to the verdict, we conclude that a rational jury could have found that
appellant had previously lived with the complainant and was therefore a member of
the complainant’s household. Furthermore, there is no contrary evidence in the
record. We hold that the evidence is both legally and factually sufficient to show that
the complainant was part of appellant’s household.
          We overrule points of error three and four.
E.      Appellant’s Prior Assault Against a Family Member
          In points of error five and six, appellant contends that the evidence is legally
and factually insufficient to show that appellant’s prior assault conviction was against
a family member because the judgment and sentence form did not show an affirmative
finding of family violence. See Tex. Pen. Code Ann. § 22.01(b)(2). Instead, “N/A”
was circled on the form in the section for findings on family violence. Appellant
argues that the issue of family violence in his 1999 conviction should not be
relitigated in 2004.
          Even though the 1999 judgment entered against appellant regarding family
violence showed “N/A,” the State was allowed to rely on extrinsic evidence, such as
testimony of a witness to the prior family assault. See State v. Cagle, 77 S.W.3d 344,
348 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (holding notation on prior
judgment that family violence was "not applicable or not available" did not amount
to determination that prior assault was not committed against household or family
member; therefore State was not collaterally estopped from litigating issue at trial);
State v. Eakins, 71 S.W.3d 443, 445 (Tex. App.—Austin 2002, no pet.) (holding that
absence of affirmative finding of family violence does not preclude use of extrinsic
evidence). The State can bring in extrinsic evidence to show that the previous
conviction of assault was committed against a family member or household. Mitchell
v. State, 102 S.W.3d 772 (Tex. App.—Austin 2003, pet. ref’d).
          The evidence viewed in the light most favorable to the verdict shows that a
previous conviction of aggravated assault was against a family member. Appellant’s
sister testified that appellant kicked her and was subsequently convicted of that
assault on November 6, 2000. Her testimony was uncontroverted. Based upon this
testimony, a rational jury could have concluded that the previous conviction of
aggravated assault was that of a family member. Accordingly, we hold that the
evidence is legally and factually sufficient to show that appellant’s prior conviction
was for assault on a family member.
          We overrule points of error five and six.
CONCLUSION
          We affirm the judgment of the trial court.
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).