# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00051-CR

**Andres Ramirez Zavala, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
## NO. 9044150, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After a jury trial, Andres Ramirez Zavala was convicted for assault–family violence. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (West Supp. 2006).[1] Punishment was assessed by the jury at six years' confinement (probated) with a $2,000 fine (not probated). In two issues on appeal, Zavala contends that the court erred in (1) permitting the State to present evidence of appellant's prior conviction for assault–family violence as alleged in the indictment and in (2) entering a judgment of guilt for the offense as a third-degree felony because the jury verdict rejected the State's assertion that the instant offense involved family violence. We affirm the trial court's judgment.

---

[1] The offense was committed June 21, 2004. The current version of the statute was effective September 1, 2005. No substantive changes that affect this appeal were made between the time of the offense and the effective date of the statute. The current version is cited for convenience.

This appeal arises out of a 911 call from Suyapa Pelletier asking for help because appellant was assaulting her. She and her three children were living together. Appellant did not reside with them at that time, but Pelletier testified that she and appellant had lived together in the past and he was her youngest child's father. There are no legal or factual sufficiency issues. Accordingly, we will discuss the necessary facts under each issue.

*Indictment*

In his first point of error, Zavala complains that the trial court improperly allowed the State to read from the indictment an enhancement paragraph alleging a prior conviction for assault–family violence. He also complains that the State introduced evidence in support of that allegation. Appellant argues that, if the defense stipulates to the allegation, the State in its case in chief may read to the jury only jurisdictionally necessary enhancement allegations from an indictment and may not present any further evidence regarding the prior convictions. *See Tamez v. State*, 11 S.W.3d 198, 202 (Tex. Crim. App. 2000). The State responds that Zavala cannot rely on *Tamez* because he did not offer to stipulate to the prior conviction.

In *Tamez*, the defendant was charged with felony DWI. *Id*. at 199. The State refused the defendant's offer to stipulate to two prior DWI convictions. Instead, it offered proof of six prior DWI convictions. *Id*. The court of criminal appeals held:

> A balance must be struck between Article 36.01(a)(1), which authorizes the reading of the full indictment (and by this action implicitly authorizes the proof of the previous convictions in the State's case-in-chief), and Rule 403, which proscribes this evidence if there is a strong likelihood that the jury may improperly use it in reaching its verdict. In cases where the defendant agrees to stipulate

2

to the two previous DWI convictions, we find that the proper balance is struck when the State reads the indictment at the beginning of trial, mentioning only the two jurisdictional prior convictions, but is foreclosed from presenting evidence of the convictions during its case-in-chief.

*Id*. at 202.

Appellant contends that, although he did not make a formal stipulation, "a fair reading of the discussions between all counsel and the trial court . . . clearly indicates the defense counsel was making a *Tamez* objection." However, the record shows that defense counsel simply asked the court to include the prior conviction only in the enhancement paragraph at the punishment phase of the trial.[2] *Tamez* requires that the defendant stipulate to the relevant prior convictions. The stipulation carries the same evidentiary value as proof of previous convictions but substantially lessens the prejudice from that proof. *Id*. Under these circumstances, a stipulation is in the nature of a judicial admission. *Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005). Such an admission is a formal concession that has the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. *Id*. (citing 2 John W. Strong et al., *McCormick on Evidence* § 255 (5th ed. 1999)). In the absence of a stipulation, judgments from prior convictions

---

[2] The State argues that even if there had been a stipulation, it could have nevertheless proceeded as it did because the allegation concerning the prior conviction was an element of the offense. *See Sheppard v. State*, 5 S.W.3d 338, 340 (Tex. App.—Texarkana 1999, no pet.). Because we hold no stipulation was made, we need not resolve the conflict between *Sheppard* and *State v. Cagle*, holding that the prior assault is a sentence enhancement rather than an element of the offense because the operative statutory language is prefaced with the phrase "if it is shown on the trial of the offense." *See* 77 S.W.3d 344, 346 n.2 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

are relevant to show the existence of those prior convictions. *Robles v. State*, 85 S.W.3d 211, 212 (Tex. Crim. App. 2002).

*Tamez* requires the defendant to stipulate to prior convictions. Appellant admits he did not enter into a stipulation. Accordingly, *Tamez* did not prohibit the State from reading from the indictment and proving the prior conviction. We overrule appellant's first point of error.

### *Family Violence Finding*

In his second point of error, appellant asserts that the trial court erred by entering a judgment of guilt for the enhanced offense of assault–family violence (felony) because the jury failed to answer a special issue concerning family violence.[3] To fully discuss appellant's arguments under this point, we begin with an analysis of the offense, the indictment, and the charge.

Appellant was charged with felony assault:

(a) A person commits an offense if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

\*\*\*

(b) An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:

---

[3] The special issue asked whether the jury found beyond a reasonable doubt that the defendant, a member of a household, intentionally used physical force against the complainant, another member of the household.

4

***

(2) a person whose relationship to or association with the defendant is described by Section 71.0021(b) [dating], 71.003 [family], or 71.005 [household], Family Code, if it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04 or 21.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code; . . .

Tex. Penal Code Ann. § 22.01 (West Supp. 2006).[4] An affirmative finding of family violence should be entered in certain circumstances:

In the trial of an offense under Title 5, Penal Code, if the court determines that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter that fact in the judgment of the case.

Tex. Code Crim. Proc. Ann. art. 42.013 (West Supp. 2006). Family violence is defined as

an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault . . . .

Tex. Fam. Code Ann. § 71.004 (West 2002).

Appellant was indicted for assault–family violence (felony). The indictment alleged that he intentionally, knowingly, and recklessly caused bodily injury to a family member and had

---

[4] The version of (b)(2) effective at the time of the offense was narrower: "a member of the defendant's family or household, if it is shown on the trial of the offense that the defendant has been previously convicted of an offense against a member of the defendant's family or household under this section." Act of May 28, 2003, 78th Leg., R.S., ch. 1019, § 1, 2003 Tex. Gen. Laws 2963.

previously been convicted of assault against a family member. The indictment alleged he committed assault by striking Suyapa Pelletier with his hand, kicking her, and pulling her hair. At trial, the State introduced the 2002 conviction, matched appellant's fingerprints to that judgment, and showed Suyapa was married to appellant at the relevant time.[5] The judgment from the previous conviction also contained a finding that Suyapa Pelletier was a family member and the offense involved violence. The jury was charged as follows:

> [I]f you believe from the evidence that the defendant, Andres Zavala, on or about the 21st of June, A.D. 2004, in the County of Travis and State of Texas, as alleged in the indictment, did then and there intentionally, knowingly, or recklessly cause bodily injury to Suyapa Pelletier, a member of the said Andres Zavala's family or household by striking Suyapa Pelletier with his hand, or by kicking the said Suyapa Pelletier with his foot, or pulling the said Suyapa Pelletier with his hand, or by seizing the said Suyapa Pelletier on and about the neck with his hands and previously Andres Zavala had been convicted of an offense against a member of the said Andres Zavala's family or household: to wit: Assault, on August 21, 2002, in Cause No. 600773 in the County Criminal Court at Law No. 4 of Travis County, Texas, you will find the defendant guilty of Assault Family Violence/Enhanced and so say by your verdict; . . . .

At trial, appellant admitted that he had assaulted Suyapa, who was his wife, in 2002. Appellant's defensive theory in this case was that, during his counseling while on probation for the earlier offense, he had learned that walking away was the best technique to defuse an argument when it started escalating. He asserts that on the night in question all he was trying to do was walk away. Suyapa blocked him from leaving and started hitting him; any force he used was in self defense.

---

[5] Appellant and Suyapa refer to themselves as "married" although it appears there was never a formal ceremony.

Appellant observes that the assault charge submitted to the jury allowed him to be convicted of assault if the jury found he intentionally, knowingly, or recklessly caused bodily injury to another, including his spouse. *See* Tex. Penal Code Ann. § 22.01. He then argues that a higher culpable mental state is required to make a family violence finding because the family code language says that family violence is an act that is *intended* to result in certain types of harm, but the jury charge allowed him to be convicted based on lesser mental states. *See* Tex. Fam. Code Ann. § 71.004. Although appellant offers an interesting argument, it is not one that we can address in this case because we have no family violence finding.

A review of the judgment[6] in this case shows it contains no family violence finding. The jury returned its guilty verdict[7] but did not answer the special issue concerning family violence. Appellant moved for a mistrial. The prosecution responded that "the State's position is that the Court can receive the verdict on guilt innocence and the jury can hang on the special issue and therefore no finding would be entered based on the special issue." When the court orally pronounced sentence, it made no reference to a separate family violence finding. The family violence finding called for by the Code of Criminal Procedure is only one method of showing the necessary prior conviction for family violence to make an assault offense a felony. *See Mitchell v. State*, 102 S.W.3d 772, 775 (Tex. App.—Austin 2003, pet. ref'd) (citing *State v. Eakins*, 71 S.W.3d 443, 445

---

[6] The judgment is dated February 17, 2005. Although not an issue raised by either party, we must reform the judgment. This judgment correctly reflects appellant's offense and sentence, but is written as if appellant entered a guilty plea, rather than having been tried before a jury. Accordingly, the judgment is reformed to show that appellant was tried before a jury and found guilty.

[7] Of course, the jury found him guilty of the offense as charged in the indictment, which was the offense of family violence.

(Tex. App.—Austin 2002, no pet.)). Article 42.013 of the code of criminal procedure was intended to simplify the prosecution of subsequent family assault cases by making it unnecessary to relitigate the details of the previous assault. *Eakins*, 71 S.W.3d at 444. However, the State may prove the nature of the previous assault in other ways. *Id.*

In this case, appellant appears to be saying the absence of a family violence finding in *this* judgment means he could not be convicted of a felony. As discussed above, the enhancement from misdemeanor assault to felony assault is based on a *previous* conviction for assault, which was proved to the jury.

Finally, both the State and appellant cite cases discussing the *Apprendi* issue concerning whether the court can properly make certain findings or whether the jury must make certain findings.[8] *See Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 491 (2000)). As we have discussed, the State did not rely on a judge-made finding as discussed in *Apprendi*. It proved all of the elements of the offense and the previous conviction to the jury. Appellant was convicted by a jury of the felony offense of assault–family violence. Accordingly, we do not have an *Apprendi* issue in this case as no judge-made finding was relied on. We overrule appellant's second point of error.

---

[8] *Apprendi* held that, other than the fact of a prior conviction, any fact that increased the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 491 (2000).

***Conclusion***

We have overruled both of appellant's points of error.  We reform the trial court's judgment to reflect a trial by jury and, as reformed, affirm.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reformed and, as Reformed, Affirmed

Filed:   January 22, 2007

Do Not Publish