Affirmed and Memorandum Opinion filed July 3, 2007








Affirmed and Memorandum Opinion filed July 3, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00314-CR

____________

 

JOHNNY FRANCIS SCANTLIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 400th
District Court

Fort Bend County, Texas

Trial Court Cause No. 41,312

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Johnny Francis Scantlin, was charged by
indictment with the felony offense of assault, family violence.  Tex. Penal Code Ann. ' 22.01 (Vernon
Supp. 2006).  In five issues, he contends (1) the trial court erred in
admitting evidence of extraneous offenses, and (2) he received ineffective
assistance of counsel.  We affirm.








On December 6, 2004, appellant assaulted his wife. 
Appellant was indicted for the offense of assault, family violence, and the
indictment further alleged that, in three instances, appellant had previously
been convicted of an assault involving a family member, and he had been
convicted of retaliation.  Appellant was convicted and the jury sentenced him
to fifteen years= confinement in the Institutional Division
of the Texas Department of Criminal Justice.

I.  Admission of Prior Bad Acts

In his first issue, appellant contends the trial court
improperly admitted evidence of prior bad acts because the probative value of
those acts was substantially outweighed by the danger of unfair prejudice. 
Specifically, appellant complains of the complainant=s testimony on
redirect examination where she was permitted to testify that she was familiar
with appellant=s criminal history, she was aware he had a prior
history for assaulting women, and she knew at the time he assaulted her he was
on parole for another offense.  The complainant further testified that
appellant had previously assaulted her.  The trial court permitted such
testimony after appellant attempted to show on cross-examination that the
complainant knew appellant was on parole and she was not really afraid of
appellant.  

Appellant, during his opening statement and his
cross-examination of the complainant, raised the issue of whether the
complainant was afraid of appellant at the time of the assault.  During his
opening statement, appellant=s counsel stated, ANever has he been
arrested for assaulting her, never has he been accused of assaulting her.@  Appellant=s counsel further
stated, AShe was still
upset at him, knowing full well that he had prior convictions, and if she
called the law, it was going to be assumed that probably he was going to be
arrested.@  On cross-examination of the complainant, appellant=s counsel
attempted to elicit testimony that she was not really afraid of appellant since
she repeatedly engaged appellant during the assault that resulted in the
instant offense.  








Following appellant=s
cross-examination, the prosecutor asked for a bench conference and requested
permission from the trial court to question the complainant on appellant=s prior offenses. 
The prosecutor stated that because appellant was attempting to show the
complainant lied about being afraid of him, the State was entitled to ask the
complainant whether she was afraid of appellant because she knew appellant had
been previously convicted of assault of other women and retaliation.  The trial
court found appellant opened the door for such evidence.  

The complainant
testified on re-direct as follows:

Q.  At the time that this occurred, were you familiar with his prior
criminal history?

A.  Yes.

Q.  And were you aware that prior criminal history included prior
convictions for assaulting women that he lived with?

A.  Yes, sir.

Q.  And you talked with [defense counsel] about him being on parole. 
Were you familiar at that time that he was on parole for an incident that
involved one of the women that he had lived with and assaulted?

A.  Yes, sir.

Q.  Is that part of what made you scared?

A.  Yes, sir.

As a general proposition, when a party introduces matters
into evidence, such act invites the other side to reply to that evidence.  Wheeler
v. State, 67 S.W.3d 879, 892 n.13 (Tex. Crim. App. 2002).  Appellant argues
that even if the evidence were admissible under Rule 404(b), it should have
been excluded under Rule 403 because it was unfairly prejudicial.  Rule 403
provides: AAlthough relevant, evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by considerations of undue
delay, or needless presentation of cumulative evidence.@  Tex. R. Evid. 403.  Relevant evidence is
generally admissible, but it is properly excluded under Rule 403 when its
probative value is substantially outweighed by the danger of unfair prejudice. 
In keeping with the presumption of admissibility of relevant evidence, trial
courts should favor admission in close cases.  Casey v. State, 215
S.W.3d 870, 879 (Tex. Crim. App. 2007).








In determining whether the trial court abused its
discretion, we review the following criteria: (1) how probative is the
evidence; (2) the potential of the evidence to impress the jury in some
irrational, but nevertheless indelible way; (3) the time the proponent needs to
develop the evidence; and (4) the proponent=s need for the
evidence.  Reese v. State, 33 S.W.3d 238, 240B41 (Tex. Crim.
App. 2000).  Virtually all relevant evidence proffered by a party will be
prejudicial to the opposing party.  Only unfair prejudice provides a basis for
exclusion of relevant evidence.  Montgomery v. State, 810 S.W.2d 372,
378 (Tex. Crim. App. 1990).  Unfair prejudice will substantially outweigh
probative value only if there is a clear disparity between the degree of
prejudice of the offered evidence and its probative value.  Jones v. State,
944 S.W.2d 642, 653 (Tex. Crim. App. 1996).  Moreover, there is a presumption
that relevant evidence will be more probative than prejudicial.  Graff v.
State, 65 S.W.3d 730, 739 (Tex. App.CWaco 2001, pet.
ref=d).

In this case, the State was entitled to use the evidence of
prior convictions to rebut a defensive theory.  See Moses v. State, 105
S.W.3d 622, 626 (Tex. Crim. App. 2003).  In his cross-examination of the
complainant, appellant placed her credibility in issue.  During his cross-examination
he questioned the complainant=s motives in calling the police and in
pressing charges.  He intimated that by continuing to engage appellant, the
complainant was not afraid of appellant and might even have provoked him to
physical violence.  It is unlikely the jury would have been impressed in an
irrational way because the jury already knew of appellant=s prior family
violence convictions at the time the complainant testified.  The State did not
take an inordinate amount of time to develop the evidence and was entitled to
rebut appellant=s theory that the complainant had no fear
of appellant.

In light of the presumption of admissibility, we find the
trial court did not abuse its discretion in finding the testimony=s probative value
was not substantially outweighed by the danger of unfair prejudice.  Appellant=s first issue is
overruled.

II.  Ineffective Assistance of Counsel








In his second through fifth issues, appellant contends his
counsel rendered ineffective assistance because (1) he failed to object to
evidence of appellant=s retaliation conviction, (2) he failed to
object to Gloria Schlueter=s testimony about another extraneous
offense, (3) he failed to object to the admission of the penitentiary packet
for an extraneous offense, and (4) he recalled the complainant at the
punishment phase and prompted her to detail her injuries from the incident that
was the basis of this indictment and her injuries from other assaults by
appellant. 

Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel.  See U.S. Const. amend. VI; Tex.
Const. art. I, ' 10; Tex.
Code Crim. Proc. Ann. art. 1.05 (Vernon 2005).  The right necessarily
includes the right to reasonably effective assistance of counsel.  Strickland
v. Washington, 466 U.S. 668, 686 (1984).  The United States Supreme Court
has established a two‑prong test to determine whether counsel is
ineffective.  Id.  First, appellant must demonstrate his counsel=s performance was
deficient and not reasonably effective.  Id. at 688B92.  Second,
appellant must show the deficient performance prejudiced his defense.  Id.
at 693.  Appellant must prove that his counsel=s representation
fell below an objective standard of reasonableness, based on prevailing
professional norms, and there is a reasonable probability that, but for his
counsel=s unprofessional
errors, the result of the proceeding would have been different.  Id.; Valencia
v. State, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997).

Judicial scrutiny of counsel=s performance must
be highly deferential and we are to indulge the strong presumption that counsel
was effective.   Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  We assume counsel=s actions and decisions were reasonably
professional and that they were motivated by sound trial strategy.  Id. 
Moreover, it is appellant=s burden to rebut this presumption, by a
preponderance of the evidence, by producing evidence that illustrates why trial
counsel did what he did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v. State, 928 S.W.2d 482, 500 (Tex.
Crim. App. 1996), overruled on other grounds, Mosley v. State,
983 S.W.2d 249, 263 (Tex. Crim. App. 1998). 








On direct appeal, appellate courts are generally unable to
grant relief for ineffective assistance claims because the record is
undeveloped.  See Garza v. State, 213 S.W.3d 338, 348 (Tex. Crim. App.
2007).  Moreover, there is a strong presumption that trial counsel=s decisions were
sound trial strategy.  Id.  In the absence of a developed record, we may
reverse the conviction only if Athe conduct was so outrageous that no
competent attorney would have engaged in it.@  Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).  

If appellant proves his counsel=s representation
fell below an objective standard of reasonableness, he still must affirmatively
prove prejudice as a result of those acts or omissions.  See Strickland,
466 U.S. at 693; McFarland, 928 S.W.2d at 500.  Counsel=s errors, even if
professionally unreasonable, do not warrant setting the conviction aside if the
errors had no effect on the judgment.  See Strickland, 466 U.S. at 691. 
Therefore, appellant must prove that counsel=s errors, judged
by the totality of the representation, denied him a fair trial.  See McFarland,
928 S.W.2d at 500.  If appellant fails to make the required showing of either
deficient performance or prejudice, his claim fails.  See id.

A. 
Evidence of Prior Assaults Against Family Members








Appellant first complains of his counsel=s failure to
object to the complainant=s testimony about his previous retaliation
conviction.  However, appellant objected to the complainant=s testimony about
prior convictions.  The portion of the record to which appellant refers is the
testimony discussed in issue one.  Although appellant=s counsel did not
specifically mention the rules of evidence, counsel argued that the complainant
should not be permitted to testify about appellant=s prior
convictions because the prejudicial effect of such testimony would outweigh its
probative value.  We find counsel=s objection is
specific enough to apprise the trial court of his objection.  See Keeter v.
State, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005) (stating that in
determining whether a complaint has been preserved for appeal, the ultimate
consideration is whether the party has clearly made the trial court aware of
what he wants and why he is entitled to it at a time when the trial court is in
a position to do something about it.).  Appellant=s second issue is
overruled.

In his third issue, appellant complains of his counsel=s failure to
object to Gloria Schlueter=s testimony concerning extraneous
offenses.  Schlueter=s testimony included extrinsic evidence of
one of the jurisdictional enhancements and evidence that she was the victim of
the retaliation offense.  

Assault causing bodily injury is a class A misdemeanor.  Tex. Pen. Code Ann. '' 22.01(a)(1),
(b).  However, the offense is a third degree felony if the victim is a family
member, the actor has a previous conviction for assault, and the victim of that
assault was a family member, a member of the person=s household, or a
person in a dating relationship with the actor.  Tex. Penal Code Ann. '' 22.01(b),
(c)(2).  When entering a judgment, a trial court is to make an affirmative
finding that the offense involved family violence, as defined by Texas Family
Code Section 71.004, if the trial court determines that to be the case.  Tex. Code Crim. Proc. Ann. art. 42.013
(Vernon 2006); Butler v. State, 189 S.W.3d 299, 302 (Tex. Crim. App.
2006).  

The lack of an affirmative finding does not settle the
issue, however.   In a subsequent prosecution, the State may meet its burden to
prove that the defendant has previously been convicted of an offense involving
family violence with extrinsic evidence of that fact.  See State v. Cagle,
77 S.W.3d 344, 348 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d).  This may be
done, for example, with the testimony of the victim from the previous
conviction.  See, e.g., Mitchell v. State, 102 S.W.3d 772, 775 (Tex.
App.CAustin 2003, pet.
ref=d).  Schlueter=s testimony as to
appellant=s previous assault conviction was admissible because
the judgment in that case did not include an affirmative finding of family
violence.  See Manning v. State, 112 S.W.3d 740, 744 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d).  Therefore, Schlueter=s testimony as to
the previous assaults on her was admissible.  Counsel does not render
ineffective assistance by failing to object to admissible evidence.  McFarland
v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992).  Appellant=s third issue is
overruled.








B. 
Evidence of Retaliation Offense

In his fourth
issue, appellant complains of his counsel=s failure to
object to Schlueter=s testimony about the retaliation offense
and to the admission of the penitentiary packet evidencing the same offense. 
With regard to the retaliation offense, Schlueter testified:

Q.  And he wound up going to prison and being on parole for that,
correct?

A.  I do not B I=m not sure.  I believe he got it for retaliating on
my vehicle, and that=s B those are the only two incidents I=m familiar with.

Q.  So, that was the retaliation case.  You=re the victim in his prior case,
where he was put on probation for retaliation, and that involved you, correct? 
I mean, it was your property?

A.  Right. Yes, yes.

At the conclusion of Schlueter=s testimony, the
State introduced the penitentiary packet into evidence.  The retaliation
conviction was not used to establish jurisdiction for the family violence
charge, but was used to enhance the third degree felony of assault, family
violence to a second degree felony.  Evidence of extraneous offenses used for
enhancement purposes is not admissible at the guilt-innocence phase of trial.  Tex. R. Evid. 404(b).  Appellant=s counsel should
have objected to Schlueter=s testimony on relevance grounds. 








Appellant complains he was harmed by counsel=s failure to
object because the evidence of his retaliation conviction was prejudicial to
his defense because he was effectively tried for Abeing a criminal
generally.@  Appellant filed a pro se motion for new trial, but
did not present it to the trial court or present any evidence in support of his
motion.  Therefore, the record is silent with regard to why appellant=s counsel did not
object to the retaliation offense evidence or penitentiary packet.  If counsel=s reasons for his
conduct do not appear in the record and there is at least the possibility that
the conduct could have been grounded in legitimate trial strategy, we will
defer to counsel=s decisions and deny relief on an
ineffective assistance claim on direct appeal.  See Garza, 213 S.W.3d at
348.  Counsel=s reasons for his actions or intentions do not appear
in the record, and his conduct could have been part of a reasonable trial
strategy.  It is arguable that because evidence of appellant=s prior record was
already before the jury, trial counsel did not wish to highlight the
retaliation conviction.  The testimony was brief and referred to property
damage only.  Without more, we must defer to counsel=s decisions and
cannot say that trial counsel=s decision was not based on sound trial
strategy.  Appellant=s fourth issue is overruled.

C. 
Extraneous Offense Evidence at Punishment

In his fifth issue, appellant complains of his counsel=s recall of the
complainant at the punishment phase of trial.  Initially, we note that the
State called the complainant at punishment and the defense cross-examined her. 
Appellant did not recall the complainant during the punishment hearing.  The
record references in appellant=s brief occur during appellant=s
cross-examination of the complainant.  On direct examination, the State asked
the complainant about all the previous times she had been injured by
appellant.  She specifically mentioned an incident that occurred on February 8,
2004.  On cross-examination, appellant=s counsel
questioned the complainant about why she did not mention the February 8
incident during her testimony on guilt-innocence.  He questioned her as to the
extent of her injuries and whether anyone witnessed her injuries.  Counsel
continued to question whether the complainant had expressed fear of appellant
prior to the incident in the instant case.

During a hearing on punishment, Aevidence may be
offered by the state and the defendant as to any matter the court deems
relevant to sentencing, including but not limited to the prior criminal record
of the defendant, his general reputation, his character, an opinion regarding
his character, the circumstances of the offense for which he is being tried,
and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other
evidence of an extraneous crime or bad act that is shown beyond a reasonable
doubt by evidence to have been committed by the defendant[.]@  Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a) (Vernon
2006). Therefore, the testimony of the complainant as to the details of the
extraneous offense was admissible.  See Yates v. State, 917 S.W.2d 915,
921 (Tex. App.CCorpus Christi 1996, pet. ref=d).  








Appellant argues, however, that defense counsel rendered
ineffective assistance because he added information that could only be used to
make appellant seem more violent. In evaluating the effectiveness of counsel,
we look to the totality of the representation and the particular circumstances
of each case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  As stated earlier, the record is silent as to why appellant=s counsel
cross-examined the complainant on the details of another offense.  The record
reflects, however, that trial counsel vigorously pursued a strategy of
attempting to discredit the complainant=s testimony. 
Counsel=s
cross-examination of the complainant is consistent with that strategy.  The
fact that other counsel might have pursued a different strategy does not show
ineffective representation.  See Gholson v. State, 5 S.W.3d 266, 273
(Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).  Appellant=s fifth issue is
overruled.

The judgment of the trial court is affirmed.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 3, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).