Opinion Issued December 20, 2007 









Opinion Issued December 20, 2007













 

     

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00532-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



RICHARD GARCIA, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 40186

 








 



MEMORANDUM OPINION

 

          A jury found appellant, Richard
Garcia, guilty of assaulting, and of having previously been convicted of
assaulting, a family or household member.  See Tex. Pen. Code Ann. § 22.01(a)–(b) (Vernon 2005).  Upon
finding true two prior burglary convictions used to enhance punishment, the
jury assessed Garcia’s sentence at ninety-five years’ confinement and a $10,000
fine.  In two issues, Garcia contends that the evidence is legally and
factually insufficient to support a finding that he committed assault against a
family or household member or that he had been previously convicted of
assaulting a family or household member.  We affirm.

Background

          On April 9, 2004, Garcia was living
with his girlfriend, Ann Marie Trevino, with whom he had one child.  By the
time of the trial in 2005, Garcia and Trevino had two children together. 
Garcia and Trevino were both drinking alcohol that night and began to argue
outside.  Trevino’s eleven-year-old daughter, two-month-old son, and Garcia’s
ex-brother-in-law, Jimmy Lucas, were outside at the time of the argument.  According
to Lucas’s testimony, Trevino ordered both Lucas and Garcia to leave.  At some
point after that, Garcia hit Trevino with his fist on the back of her head,
causing her to fall down onto the pavement and scrape her cheek, arm, and
knee.  Garcia ran out of the yard, and Trevino picked up a shovel to chase him.   

          Following the altercation,
Trevino called her sister and told her that Garcia had hit her and asked her
sister to pick her up.  When the police arrived, Garcia was no longer at the
house.  A police officer interviewed Trevino, and she told him that Garcia had
struck her in the head, causing her to fall and sustain other injuries.  The
officer recorded the interview, and the State played the recording for the jury
at trial.  The officer also photographed Trevino’s injuries.

          Before the trial, Trevino
sent Garcia a notarized affidavit stating that she did not want to press
charges and would like the charges against Garcia to be dropped.  At trial,
Trevino testified that she did not remember clearly the events that occurred
because she had been drinking that night.  She further testified that Garcia
did not strike her, and she does not remember telling the police officer that
he did.

          The State presented
testimony regarding Garcia’s prior convictions for assault of a family or
household member.  The State offered into evidence, without objection, copies
of Garcia’s prior judgments for assault of a family or household member, as
well as testimony that the victim in those cases was Garcia’s former girlfriend,
with whom he has three children.

Legal and
Factual Sufficiency

          Garcia contends that the evidence is
legally and factually insufficient to support a guilty verdict of third-degree
felony assault.  Specifically, he contends there is not sufficient evidence to
prove that either (1) an assault on a family or household member occurred, or
(2) that he had been previously convicted of assault on a family or household
member.

A. Standard of Review

When evaluating the legal sufficiency
of the evidence, we view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Drichas v. State, 175
S.W.3d 795, 798 (Tex. Crim. App. 2005).  We do not resolve any conflict of
fact, weigh any evidence, or evaluate the credibility of any witnesses, as this
was the function of the trier of fact.  See Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999); Adelman v. State, 828 S.W.2d 418, 421
(Tex. Crim. App. 1992); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim.
App. 1991).  

When evaluating factual sufficiency,
we consider all the evidence in a neutral light to determine whether the jury
was rationally justified in finding guilt beyond a reasonable doubt.  Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We will set the
verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence.  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  Under the first prong of Johnson, we cannot conclude that a
verdict is “clearly wrong” or “manifestly unjust” simply because, on the
quantum of evidence admitted, we would have voted to acquit had we been on the
jury.  Watson, 204 S.W.3d at 417.  Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury’s resolution of that conflict.  Id.  Before finding that evidence is factually insufficient to support a verdict
under the second prong of Johnson, we must be able to say, with some
objective basis in the record, that the great weight and preponderance of the
evidence contradicts the jury’s verdict.  Id.  We must also discuss the
evidence that, according to the appellant, most undermines the jury’s verdict. 
See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  

B. Assault of a Family or Household
Member

          A person commits assault if the person intentionally,
knowingly, or recklessly causes bodily injury to another, including the person’s
spouse.  Tex. Pen. Code Ann. §
22.01 (a) (1) (Vernon 2005).  “Bodily injury” means physical pain, illness, or
any impairment of physical condition.  Id. § 1.07(a)(8).  An offense of
assault is a felony of the third degree if the offense is committed against a
member of the defendant’s family or household, if it is shown on the trial of
the offense that the defendant has been previously convicted of an offense
against a member of the defendant’s family or household.  Id. § 22.01(b)
(2).  “Family” includes individuals who are the parents of the same child,
without regard to marriage.  Tex. Fam.
Code Ann. § 71.003 (Vernon 2002).  “Household” means a unit composed of
persons living together in the same dwelling, without regard to whether they
are related to each other, and “member of the household” includes a person who
previously lived in a household.  Id. §§ 71.005–71.006.  

          In order to convict Garcia
of third-degree felony assault, the State must prove that both an assault
against a family or household member occurred and that the defendant had been
previously convicted of assault against a family or household member.  See
Tex. Pen. Code Ann. § 22.01(b)
(2).  If a court determines that an offense involved family violence, the court
shall make an affirmative finding of that fact and enter the affirmative
finding in the judgment of the case.  Tex.
Code Crim. Proc. Ann. art.
42.013 (Vernon 2006).  In the absence of such a finding, the State may meet its
burden “by introducing a previous judgment of
conviction for assault, together with extrinsic evidence that the victim of
that assault was a member of the defendant's family or household.” Mitchell v. State, 102 S.W.3d 772, 775 (Tex.
App.—Austin 2003, pet. ref’d); Manning v. State, 112 S.W.3d 740, 744 (Tex.
App.—Houston [14th Dist.] 2003, pet. ref’d) (extrinsic evidence may be used to
prove that previous assault was committed against family or household member in
subsequent proceeding when convicting court failed to make affirmative finding
in judgment).

C. Legal Sufficiency of
the Evidence of Assault

          Garcia contends
that the evidence is legally insufficient to support a guilty verdict for
assault against a family member.

          Trevino
testified that she was living with Garcia at the time of the assault, and they
have two children together.  In addition, Garcia’s sole defense witness, Lucas,
testified that Trevino and Garcia were living together at the time of the
assault and had a child together.  Trevino’s eleven-year-old daughter also
testified that Trevino and Garcia were living together at that time.           

The State admitted into
evidence photographs of Trevino’s injuries, as well as a videotape of Trevino
describing the assault to the responding police officer.  In addition,
Trevino’s daughter testified that she witnessed the assault, and that Garcia
hit her mother on the back of the head, causing her to fall down.  Lucas
testified that Garcia hit Trevino, but did so in self-defense.  

Viewing the evidence in the light
most favorable to the verdict, we hold the evidence is legally sufficient to
support a finding that Garcia assaulted Trevino and that she was a family or
household member.  See
Tex.
Fam. Code Ann. §§
71.003, 71.006.

D. Factual Sufficiency of
the Evidence of Assault

          Garcia asserts
that the evidence is factually insufficient.  He points to Trevino’s testimony,
which he claims undermines the verdict.  Trevino testified that she only
vaguely remembers the night the assault took place because she was intoxicated
at the time.  She further testified that Garcia did not strike her, nor did he
cause her to fall down.  She admitted, however, that the recorded statement
that she gave to the police on the night of the assault differs from her
testimony in court.  Officer Clark verified that it was Trevino’s voice on the
videotape, in which Trevino states that Garcia struck her on the head.  Officer
Clark also testified that he photographed Trevino’s injuries on the night of
the assault, and that she had abrasions on her arms and legs, and a slight
redness and swelling on her cheek.

          Other
witnesses’ testimony is also inconsistent with Trevino’s testimony.  Trevino’s
daughter, T.M., testified to the events of that night, and her recollection of
the events differs from Trevino’s testimony.  T.M. testified that she was on
the back porch with Garcia and Trevino at the time of the assault, and she saw
Garcia strike her mother on the back of the head with a closed fist, causing
her to fall down.  Trevino’s sister testified that Trevino called her shortly
after the assault, and Trevino told her that Garcia had hit her and asked her
sister to pick her up.  Garcia’s defense witness, Lucas, also testified that he
saw Garcia hit Trevino, although he alleged that Trevino was threatening Garcia
with a shovel before he struck her.

          The fact-finder alone determines the
weight to place on contradictory testimonial evidence because that
determination depends on the fact-finder’s evaluation of credibility and
demeanor.  Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim. App.
1997).  As the determiner of the credibility of the witnesses, the fact-finder
may choose to believe all, some, or none of the testimony presented.  Id. at 407 n.5.  As an appellate court, we must avoid re-weighing the evidence and
substituting our judgment for that of the fact-finder.  Johnson v. State,
967 S.W.2d 410, 412 (Tex. Crim. App. 1998); see also Wilson v. State,
863 S.W.2d 59, 65 (Tex. Crim. App. 1993); King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000).  We must defer to the jury’s findings. 
“A jury decision is not manifestly unjust merely because the jury resolved
conflicting views of evidence in favor of the State.”  Herrero v. State,
124 S.W.3d 827, 835 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (quoting Cain,
958 S.W.2d at 410).  The State’s evidence was not so obviously weak or contrary
to the overwhelming weight of the evidence as to be factually insufficient.  We
hold that factually sufficient evidence supports the verdict.

E. Sufficiency of the Evidence
of Prior Convictions

          Garcia further contends
that the evidence is legally and factually insufficient to support a finding
that he had been previously convicted of assaulting a family or household
member.

          The State offered into
evidence copies of Garcia’s two prior judgments for assault, one that occurred
September 28, 2000 and one that occurred September 16, 2001.  Garcia pleaded
nolo contendere to both offenses.  Neither judgment contains an affirmative
finding of family violence.  A crime scene investigator with the Sugar Land
Police Department testified that the fingerprints on the judgments match
Garcia’s fingerprints.  The State also offered the information for each of
those offenses, which state that Garcia “did then and there intentionally,
knowingly, or recklessly cause bodily injury to LILLY ZEPEDA . . .”  Garcia
contends that these judgments should not be considered, because they are not
certified.  However, Garcia did not object to their admission at trial and
thus, cannot challenge their admission on appeal.  See Tex. R. App. P. 33.1.         

Michael Huffman, a deputy with the
Fort Bend Sheriff’s Office testified that he responded to a domestic violence
assault call on September 28, 2000.  Deputy Huffman interviewed Lilly Zepeda,
and testified that Zepeda has three children with Garcia.  In addition, Trevino
testified that Zepeda is Garcia’s ex-girlfriend and that they have three
children together.  Lucas also confirmed that Zepeda used to be Garcia’s
common-law wife.  We conclude that the extrinsic evidence supplied by Deputy
Huffman shows that Zepeda, the complainant in both the prior convictions, was
Garcia’s family member at the time of those offensives.

We hold that the evidence is legally
and factually sufficient to support a finding that Lilly Zepeda is a member of
Garcia’s family, and that Garcia was twice previously convicted of assaulting
her.  See Tex. Fam. Code Ann.
§ 71.003.  

Conclusion

We hold that the evidence is legally
and factually sufficient to support a conviction of third-degree felony
assault.  We therefore affirm the judgment of the trial court.

 

                                                                   Jane Bland

                                                                   Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  See Tex. R. App. P. 47.4.