STATE of Texas, Appellant,

v.

Jesse Lee EAKINS, Appellee.

No. 03–01–00210–CR.

Court of Appeals of Texas,
Austin.

Jan. 31, 2002.

Stephen H. Smith, District Attorney, Claire Carter Noelke, Assistant District Attorney, San Angelo, for appellant.

Shawntell McKillop, Hawley & McKillop, LLP, San Angelo, for appellee.

Before Justices KIDD, B.A. SMITH and PURYEAR.

BEA ANN SMITH, Justice.

Assault with bodily injury, ordinarily a class A misdemeanor, is a third degree felony if the offense is committed against "a member of the defendant's family or household, if it is shown on the trial of the offense that the defendant has been previously convicted of an offense against a member of the defendant's family or household under this section." Tex. Pen. Code Ann. § 22.01(b)(2) (West Supp.2002). The question presented in this appeal is how the State may prove, in a prosecution for assaulting a family member, that the defendant has previously been convicted of assaulting a family member and is therefore guilty of a felony pursuant to section 22.01(b)(2). The answer to this question requires us to construe code of criminal procedure article 42.013, which reads:

> In the trial of an offense under Title 5, Penal Code, if the court determines that the offense involved family violence, as defined by Section 71.01, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case.

Tex.Code Crim. Proc. Ann. art. 42.013 (West Supp.2002).

Appellee Jesse Lee Eakins is under indictment for assault with bodily injury. The indictment alleges that the person injured is a member of Eakins's family and that Eakins was previously convicted of

assaulting a family member in Tom Green County cause number 97–02089L2. Eakins moved to suppress all evidence regarding his conviction in cause number 97–02089L2 at the guilt/innocence stage of trial because the judgment of conviction in that cause does not contain an article 42.013 family violence finding.[1] At a hearing on the motion, the State conceded the absence of the affirmative finding but urged that it may prove that the victim of the earlier assault was a family member by extrinsic evidence; by calling the victim to testify, for example.

The district court granted Eakins's motion to suppress. The court ruled that the State could not offer, at the guilt/innocence stage, any extrinsic evidence showing that the victim in cause number 97–02089L2 was a member of Eakins's family.[2] In effect, the court concluded that to prove the felony offense under section 22.01(b)(2), the only permissible evidence that a previous assault conviction involved family violence is an article 42.013 affirmative finding in the judgment. The State appeals. *See id.* art. 44.01(a)(5). We will reverse the district court's order.

■ The legislature first prescribed a harsher punishment for defendants guilty of repeated acts of domestic assault in 1989, when it amended section 22.01 to add language similar to that now found in subsection (2)(b). Act of May 27, 1989, 71st Leg., R.S., ch. 739, §§ 1 & 2, 1989 Tex. Gen. Laws 3304, 3305 (Tex. Pen.Code Ann. § 22.01(c)(4), (d)(2), since amended). Article 42.013 was adopted four years later.

Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 9.01, 1993 Tex. Gen. Laws 3586, 3764. Article 42.013 was obviously intended to simplify the prosecution of subsequent family assault cases by making it unnecessary to relitigate the details of the previous assault. Instead, the State may rely on the affirmative finding in the prior judgment to prove that the victim of the defendant's previous assault was a family member. But does article 42.013 preclude the State from proving the nature of the previous assault in some other manner, as it had necessarily done previously?

We apply the literal language of a statute unless that language is ambiguous or would lead to an absurd result the legislature could not possibly have intended. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991). There is nothing in the language of either statute that requires an article 42.013 affirmative finding in the previous assault judgment in order to invoke section 22.01(b)(2). There is no indication that the legislature, by adopting article 42.013, intended to disallow the continued use of extrinsic evidence of prior family violence in prosecutions pursuant to section 22.01(b)(2). Considering that the apparent purpose of article 42.013 was to facilitate prosecutions pursuant to section 22.01(b)(2), it is more likely that the legislature intended article 42.013 to provide an *additional* method, not the *only* method, for proving a previous conviction for family assault.

The district court reasoned that the admission of extrinsic evidence would consti-

---

1. The judgment in cause number 97–02089L2 recites that Eakins was convicted in 1997 of "assault causes bodily injury-DV." Although the designation "DV" suggests that the assault involved domestic violence, the judgment does not contain a separate and specific affirmative finding to that effect. *See Ex parte Hughes,* 739 S.W.2d 869, 871 (Tex.Crim.App. 1987) (construing what is now Tex.Code

Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp.2002)).

2. The court ruled, however, that the State would be permitted to introduce the extrinsic evidence at the punishment stage. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp.2002).

tute a collateral attack on the previous assault judgment, an argument Eakins reurges in his brief to this Court.[3] But the State does not seek to attack the validity of the judgment in cause number 97–02089L2 or to offer proof contrary to any recital contained in that judgment. Rather, the State merely proposes to prove a fact-that the victim of the previous assault was a member of Eakins's family-that is extrinsic to the judgment as recorded.

Article 42.013 requires an affirmative finding in the judgment whenever the trial court determines that family violence was involved in a Title 5 offense. *See Curry v. State,* 720 S.W.2d 261, 263 (Tex.App.-Austin 1986, pet. ref'd) (construing Tex.Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2)). But if a judgment is silent regarding family violence, this means only that no determination was made and entered by the court. The failure of the trial court in cause number 97–02089L2 to affirmatively find that family violence was involved in that offense does not necessarily mean that the court considered the issue and determined that family violence was *not* involved.

Eakins further argues that, in some prosecutions pursuant to section 22.01(b)(2), the introduction of extrinsic evidence that the victim of the previous assault was a member of the defendant's family might violate the terms of a plea bargain in the previous case. We first note that there is no evidence of a plea bargain in cause number 97–02089L2 and Eakins does not contend that there was. Whether the terms of a plea bargain agreement in a family assault prosecution might preclude the use of that conviction as evidence in a subsequent prosecution pursuant to section 22.01(b)(2) is not the question before us.[4] That the State might bargain away its right to offer extrinsic evidence of a previous family assault in a particular case is no reason to construe article 42.013 so as to exclude extrinsic evidence of previous family assaults in every prosecution pursuant to section 22.01(b)(2).

■ It is certainly the better practice for trial courts to make and enter the required family violence finding in appropriate cases. Compliance with article 42.013 avoids the need for extrinsic evidence and the possible complications attendant to its introduction. We hold, however, that in a prosecution pursuant to section 22.01(b)(2), the absence of an article 42.013 affirmative finding in a judgment of conviction for a previous assault does not in itself preclude the introduction of extrinsic evidence that the previous assault was committed against a family member. The district court's suppression order is reversed and the cause is remanded for further proceedings.

---

3. This reasoning is inconsistent with the court's ruling that the State would be permitted to offer the extrinsic evidence at the punishment stage.

4. For that reason, we express no opinion as to whether an agreement not to seek a family violence finding in a prosecution for assaulting a family member constitutes an agreement not to prosecute the defendant pursuant to section 22.01(b)(2) should he later commit another assault against a family member.