# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00658-CR
## NO. 03-01-00659-CR

**Tommy Lamont Mitchell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
### NOS. 01-428-K277 & 01-578-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING

## O P I N I O N

In both causes, a jury found appellant Tommy Lamont Mitchell guilty of assaulting, and of having previously been convicted of assaulting, a member of his family or household. Tex. Pen. Code Ann. ' 22.01(a), (b)(2) (West Supp. 2003). The jury assessed punishment, enhanced by a previous felony conviction, at imprisonment for twenty years. By four points of error, appellant challenges the legal and factual sufficiency of the evidence and complains of the erroneous admission of evidence at both stages of trial. We will overrule these contentions and affirm the convictions.

The indictments alleged that appellant assaulted his wife, Elva Mitchell, on two occasions in 2001. Appellant does not question the sufficiency of the evidence regarding these primary offenses. Instead, he contends the State failed to prove the previous conviction alleged pursuant to section 22.01(b)(2). In that case, Travis County cause number 473860, appellant was convicted in 1997 of

assaulting Elva Robb, which the evidence shows was his wife=s name before their marriage. Elva Mitchell testified that she and appellant were living together at the time of the previous offense. *See* Tex. Fam. Code Ann. ' 71.005 (West 1992) (defining Ahousehold@).

The judgment of conviction in cause number 473860 does not contain an affirmative finding that the offense involved family violence. *See* Tex. Code Crim. Proc. Ann. art. 42.013 (West Supp. 2003). Appellant argues that in the absence of such a finding in the judgment, there was no showing that he was convicted of a family violence assault.

A similar contention was presented to this Court in *State v. Eakins*, 71 S.W.3d 443 (Tex. App.CAustin 2002, no pet.), another prosecution for felony family violence assault. In that case, the district court granted the defendant=s motion to suppress all evidence that he had previously been convicted of assaulting a family member on the ground that the judgment in the previous case did not contain an article 42.013 finding. *Id*. at 444. The court reasoned that the admission of extrinsic evidence that the earlier conviction involved family violence would constitute a collateral attack on the previous judgment. *Id*. at 445. We found this reasoning unpersuasive and held that in a prosecution pursuant to section 22.01(b)(2), the absence of an article 42.013 affirmative finding in a previous judgment of conviction for assault does not preclude the introduction of extrinsic evidence that the previous assault was in fact committed against a family member. *Id*.

Appellant argues that our *Eakins* opinion is flawed because we did not consider the distinction between Acommission@ and Aconviction.@ He urges that unless the judgment of conviction contains an article 42.013 finding, the defendant has not been convicted of family violence assault. He

asserts that our opinion in *Eakins* allows a defendant to be convicted of a felony pursuant to section 22.01(b)(2) upon proof that he *committed* a previous family violence assault, rather than upon proof that he was previously *convicted* of such an offense.

As we pointed out in *Eakins*, the legislature first prescribed a harsher punishment for defendants guilty of repeated acts of domestic assault in 1989, four years before it adopted article 42.013. *Id*. at 444. Clearly, the legislature did not intend its 1989 amendment to section 22.01 to be a nullity. Thus, it follows that an affirmative finding was not then required to prove a previous conviction for assault against a family member. We concluded in *Eakins* that the adoption of article 42.013 did not preclude the State from proving the nature of the previous assault by extrinsic evidence, as it had necessarily done previously. *Id*. Had the legislature intended an article 42.013 finding to be the only acceptable method for proving a previous conviction for assault with family violence, it would have amended section 22.01 at the same time to so provide.

Section 22.01(b)(2) requires proof that the defendant Ahas been previously convicted of an offense against a member of the defendant=s family or household under this section.@ AThis section@ means section 22.01. Thus, the State must prove that the defendant has been previously *convicted* of assault, and that the assault was *committed* against a member of the defendant=s family or household. The State can meet this burden by introducing a previous judgment of conviction for assault, together with extrinsic evidence that the victim of that assault was a member of the defendant=s family or household. We reject appellant=s argument that proof of a previous conviction for assault against a family or household member necessarily requires an article 42.013 finding in the earlier assault judgment.

3

Appellant also challenges the adequacy of the extrinsic evidence regarding the previous offense. Elva Mitchell was an obviously reluctant State=s witness, and her testimony regarding her relationship with appellant at the time of the 1997 assault was somewhat ambiguous. Viewing her testimony in the light most favorable to the jury=s verdict, however, it is sufficient to support a rational finding that she was a member of appellant=s household at the time he assaulted her. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (standard of review for legal sufficiency). In addition, a neutral review of all the evidence does not demonstrate that Elva Mitchell=s testimony was so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury=s determination. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (standard of review for factual sufficiency).

The evidence is legally and factually sufficient to sustain the jury=s finding that appellant had previously been convicted for an assault against a member of his family or household. Points of error one and two are overruled.

Appellant next contends the district court erred during the guilt phase by admitting evidence of extraneous acts of misconductCassaults against his wife, and incidents of alcohol and cocaine intoxicationCthat had no relevance other than to prove character conformity. *See* Tex. R. Evid. 404(b). Appellant does not refer us to any place in the record where a rule 404(b) objection was made and overruled. *See id*. 103(a)(1); Tex. R. App. P. 33.1(a). In fact, most of the testimony to which he refers was admitted without objection of any kind. Point of error three presents nothing for review and is overruled.

Finally, appellant contends the court erred during the punishment phase by admitting evidence of unadjudicated acts of misconduct that were not proved beyond a reasonable doubt. *See* Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1) (court may admit evidence of extraneous crime or bad act that is shown beyond reasonable doubt to have been committed by defendant). Appellant refers us to the testimony of three police officers describing incidents involving appellant and Elva Mitchell for which appellant was not prosecuted. With respect to each incident, appellant asked for a hearing outside the presence of the jury Aso that [the State] can prove this offense beyond a reasonable doubt prior to presenting it to the jury.@ The prosecutor made brief proffers of the anticipated testimony, but the court overruled the requests for a hearing and did not expressly find that the incidents were proved beyond a reasonable doubt before admitting the testimony. The court later charged the jury not to consider evidence of extraneous crimes or bad acts in assessing punishment unless it was satisfied beyond a reasonable doubt that appellant had committed those crimes or bad acts.

The procedure employed by the district court in these causes was substantially identical to that approved by this Court in *Mann v. State*, 13 S.W.3d 89, 94 (Tex. App.CAustin 2000), *aff=d*, 58 S.W.3d 132 (Tex. Crim. App. 2001). Appellant argues that one of the incidents in question, during which he was said to have pointed a gun at Elva Mitchell=s head, was not proved beyond a reasonable doubt because she had testified at the guilt stage that she did not remember appellant ever pointing a gun at her. It was for the jury, as trier of fact, to resolve the conflict in the testimony. The officers= testimony supports a finding beyond a reasonable doubt that appellant committed each of the unadjudicated acts to which he refers. Point of error four is overruled.

The judgments of conviction are affirmed.


                                        Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed:   February 27, 2003

Publish