TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00658-CR


NO. 03-01-00659-CR






Tommy Lamont Mitchell, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NOS. 01-428-K277 & 01-578-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING






O P I N I O N



In both causes, a jury found appellant Tommy Lamont Mitchell guilty of assaulting,
and of having previously been convicted of assaulting, a member of his family or household. Tex.
Pen. Code Ann. § 22.01(a), (b)(2) (West Supp. 2003). The jury assessed punishment, enhanced by
a previous felony conviction, at imprisonment for twenty years. By four points of error, appellant
challenges the legal and factual sufficiency of the evidence and complains of the erroneous
admission of evidence at both stages of trial. We will overrule these contentions and affirm the
convictions.

The indictments alleged that appellant assaulted his wife, Elva Mitchell, on two
occasions in 2001. Appellant does not question the sufficiency of the evidence regarding these
primary offenses. Instead, he contends the State failed to prove the previous conviction alleged
pursuant to section 22.01(b)(2). In that case, Travis County cause number 473860, appellant was
convicted in 1997 of assaulting Elva Robb, which the evidence shows was his wife's name before
their marriage. Elva Mitchell testified that she and appellant were living together at the time of the
previous offense. See Tex. Fam. Code Ann. § 71.005 (West 1992) (defining "household").

The judgment of conviction in cause number 473860 does not contain an affirmative
finding that the offense involved family violence. See Tex. Code Crim. Proc. Ann. art. 42.013 (West
Supp. 2003). Appellant argues that in the absence of such a finding in the judgment, there was no
showing that he was convicted of a family violence assault. 

A similar contention was presented to this Court in State v. Eakins, 71 S.W.3d 443
(Tex. App.--Austin 2002, no pet.), another prosecution for felony family violence assault. In that
case, the district court granted the defendant's motion to suppress all evidence that he had previously
been convicted of assaulting a family member on the ground that the judgment in the previous case
did not contain an article 42.013 finding. Id. at 444. The court reasoned that the admission of
extrinsic evidence that the earlier conviction involved family violence would constitute a collateral
attack on the previous judgment. Id. at 445. We found this reasoning unpersuasive and held that
in a prosecution pursuant to section 22.01(b)(2), the absence of an article 42.013 affirmative finding
in a previous judgment of conviction for assault does not preclude the introduction of extrinsic
evidence that the previous assault was in fact committed against a family member. Id.

Appellant argues that our Eakins opinion is flawed because we did not consider the
distinction between "commission" and "conviction." He urges that unless the judgment of
conviction contains an article 42.013 finding, the defendant has not been convicted of family
violence assault. He asserts that our opinion in Eakins allows a defendant to be convicted of a felony
pursuant to section 22.01(b)(2) upon proof that he committed a previous family violence assault,
rather than upon proof that he was previously convicted of such an offense.

As we pointed out in Eakins, the legislature first prescribed a harsher punishment for
defendants guilty of repeated acts of domestic assault in 1989, four years before it adopted article
42.013. Id. at 444. Clearly, the legislature did not intend its 1989 amendment to section 22.01 to
be a nullity. Thus, it follows that an affirmative finding was not then required to prove a previous
conviction for assault against a family member. We concluded in Eakins that the adoption of article
42.013 did not preclude the State from proving the nature of the previous assault by extrinsic
evidence, as it had necessarily done previously. Id. Had the legislature intended an article 42.013
finding to be the only acceptable method for proving a previous conviction for assault with family
violence, it would have amended section 22.01 at the same time to so provide.

Section 22.01(b)(2) requires proof that the defendant "has been previously convicted
of an offense against a member of the defendant's family or household under this section." "This
section" means section 22.01. Thus, the State must prove that the defendant has been previously
convicted of assault, and that the assault was committed against a member of the defendant's family
or household. The State can meet this burden by introducing a previous judgment of conviction for
assault, together with extrinsic evidence that the victim of that assault was a member of the
defendant's family or household. We reject appellant's argument that proof of a previous conviction
for assault against a family or household member necessarily requires an article 42.013 finding in
the earlier assault judgment.

Appellant also challenges the adequacy of the extrinsic evidence regarding the
previous offense. Elva Mitchell was an obviously reluctant State's witness, and her testimony
regarding her relationship with appellant at the time of the 1997 assault was somewhat ambiguous. 
Viewing her testimony in the light most favorable to the jury's verdict, however, it is sufficient to
support a rational finding that she was a member of appellant's household at the time he assaulted
her. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); Griffin v. State, 614 S.W.2d 155, 158-59
(Tex. Crim. App. 1981) (standard of review for legal sufficiency). In addition, a neutral review of
all the evidence does not demonstrate that Elva Mitchell's testimony was so obviously weak or so
greatly outweighed by contrary proof as to undermine confidence in the jury's determination. See
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (standard of review for factual
sufficiency). 

The evidence is legally and factually sufficient to sustain the jury's finding that
appellant had previously been convicted for an assault against a member of his family or household. 
Points of error one and two are overruled.

Appellant next contends the district court erred during the guilt phase by admitting
evidence of extraneous acts of misconduct--assaults against his wife, and incidents of alcohol and
cocaine intoxication--that had no relevance other than to prove character conformity. See Tex. R.
Evid. 404(b). Appellant does not refer us to any place in the record where a rule 404(b) objection
was made and overruled. See id. 103(a)(1); Tex. R. App. P. 33.1(a). In fact, most of the testimony
to which he refers was admitted without objection of any kind. Point of error three presents nothing
for review and is overruled.

Finally, appellant contends the court erred during the punishment phase by admitting
evidence of unadjudicated acts of misconduct that were not proved beyond a reasonable doubt. See
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (court may admit evidence of extraneous crime or
bad act that is shown beyond reasonable doubt to have been committed by defendant). Appellant
refers us to the testimony of three police officers describing incidents involving appellant and Elva
Mitchell for which appellant was not prosecuted. With respect to each incident, appellant asked for
a hearing outside the presence of the jury "so that [the State] can prove this offense beyond a
reasonable doubt prior to presenting it to the jury." The prosecutor made brief proffers of the
anticipated testimony, but the court overruled the requests for a hearing and did not expressly find
that the incidents were proved beyond a reasonable doubt before admitting the testimony. The court
later charged the jury not to consider evidence of extraneous crimes or bad acts in assessing
punishment unless it was satisfied beyond a reasonable doubt that appellant had committed those
crimes or bad acts. 

The procedure employed by the district court in these causes was substantially
identical to that approved by this Court in Mann v. State, 13 S.W.3d 89, 94 (Tex. App.--Austin
2000), aff'd, 58 S.W.3d 132 (Tex. Crim. App. 2001). Appellant argues that one of the incidents in
question, during which he was said to have pointed a gun at Elva Mitchell's head, was not proved
beyond a reasonable doubt because she had testified at the guilt stage that she did not remember
appellant ever pointing a gun at her. It was for the jury, as trier of fact, to resolve the conflict in the
testimony. The officers' testimony supports a finding beyond a reasonable doubt that appellant
committed each of the unadjudicated acts to which he refers. Point of error four is overruled.

The judgments of conviction are affirmed.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: February 27, 2003

Publish