Affirmed and Memorandum Opinion filed May 22, 2003














Affirmed and
Memorandum Opinion filed May 22, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00716-CR

_______________

 

JERRY DAVIS WALKER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________

 

On Appeal from 361st District Court

Brazos County, Texas

Trial Court Cause No. 28,625-361

___________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant Jerry Walker appeals his
conviction for assault, which was enhanced by a previous conviction for assault
of a family member.  In his sole issue,
appellant contends his conviction cannot be enhanced because there is no
evidence the victim of the previous assault was a family member.  We affirm.

Facts

            A jury found appellant guilty of
assault against a household member, normally a Class A misdemeanor.  This offense, however, is a third degree
felony because appellant’s previous conviction was for assault of his son’s
mother, Shari Shalow, whom he struck in the face with
his hands.  He claims that there was no affirmative
finding of family violence in the prior conviction nor was there evidence in
this case that Ms. Shalow was a family member. 

Legal sufficiency

            Appellant contends there is no
evidence his prior conviction involved family violence because there was no
affirmative finding of family violence. 
He also contends the State presented no extrinsic evidence to prove his
prior conviction involved family violence. 
In reviewing legal sufficiency, we review the evidence in the light most
favorable to the prosecution to determine if any rational fact finder could
have found the essential elements of the crime beyond a reasonable doubt.  Lane v. State, 933 S.W.2d 504, 507 (Tex. Crim.
App. 1996).  We apply the same
standard of review to jury findings at the punishment phase of the trial
relating to enhancement paragraphs.  See Simms v. State, 848
S.W.2d 754, 756 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d).  

            A person commits assault by
intentionally, knowingly, or recklessly causing bodily injury to another.  Tex. Pen. Code Ann. § 22.01(a)(1)
(Vernon 2003).  If the victim is a family
member and the defendant has a prior conviction for assaulting a family or
household member, then the offense is a third degree felony.  Id. § 22.01(b)(2).  “Family”
includes individuals related by consanguinity or affinity; individuals who are
former spouses of each other; individuals who are the parents of the same
child, without regard to marriage; and a foster child and foster parent,
without regard to whether they reside together.  Tex. Fam. Code Ann. § 71.003 (Vernon Supp. 2002).  

            As required by article 42.013 of the
Texas Code of Criminal Procedure, appellant asserts that without an affirmative
finding, the jury should not have considered the prior conviction for enhancement.  However, this argument has been previously
rejected.  State v. Eakins,
71 S.W.3d 443 (Tex. App.—Austin 2002, no pet.). 
Under a section 22.01(b)(2) prosecution, the
absence of an article 42.013 affirmative finding does not preclude a later
determination that the prior conviction was for assault of a family
member.  Id. at 444.  

            Further, the evidence at trial
included the testimony of Doritha Toliver,
who once witnessed appellant chasing Ms. Shalow.  She testified that appellant and Ms. Shalow “got into it” frequently.  The State submitted the misdemeanor
information from the prior conviction, which reflected an offense date of May 3, 1999.  The State also presented appellant’s
fingerprints from the prior assault and the testimony of a fingerprint expert.  See Garner v. State, 864 S.W.2d 92, 97 (Tex. App.—Houston [1st
Dist.] 1993, pet. ref’d) (providing methodology to
prove a prior conviction). 
Additionally, the evidence included the birth certificate of appellant
and Ms. Shalow’s son (named Jerry Walker, Jr.), who
was born one month before the prior assault. 
Finally, appellant testified that Ms. Shalow
was the mother of his son, that he assaulted her, and that he pleaded guilty to
the charge.  Viewing all the testimony in
the light most favorable to the jury’s verdict, we find legally sufficient
evidence to support a finding that appellant committed prior family violence
against Ms. Shalow.  See Jackson v. Virginia, 443 U.S. 307, 324
(1979).  Therefore, we overrule
appellant’s sole issue.

            Accordingly, the judgment of the
trial court is affirmed.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed May 22, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).