# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00216-CR

**Jovon Bell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. C-1-CR-10-200652, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jovon Bell guilty of assault and assessed punishment at 150 days in jail. *See* Tex. Penal Code Ann. § 22.01 (West Supp. 2010). The jury also found, in response to a special issue submitted at the guilt stage, that the assault involved family violence. *See* Tex. Code Crim. Proc. Ann. art. 42.013 (West 2006).[1] In two points of error, appellant contends that the court erred in its jury charge and in the special issue by failing to define "family" and by misstating the scope of "family violence." We overrule these contentions and affirm the conviction.

The information in this cause contained two paragraphs. The first alleged that appellant intentionally, knowingly, and recklessly caused bodily injury to the complaining witness

---

[1] Article 42.013 provides that "if the court determines [in the trial of an offense against the person] that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case." *See* Tex. Fam. Code Ann. § 71.004 (West 2008).

by striking her on the head, pushing her, and seizing her. *See* Tex. Penal Code Ann. § 22.01(a)(1). The second alleged the same criminal conduct, adding that the complainant was a family or household member or had a dating relationship with appellant. We infer that the second paragraph was intended to inform appellant that the State would seek an affirmative finding pursuant to article 42.013. The information did not allege and the State did not seek to prove that appellant had a previous conviction for an offense involving family violence, which would have elevated the offense from a class A misdemeanor to a third degree felony. *See id*. § 22.01(b)(2)(A).

The complainant testified that she and appellant had been in a relationship for six years and were living together on the date in question. She said that when appellant arrived home that day, he was angry because of an earlier conversation in which the complainant had mentioned "moving out the next day and basically us not being a couple any more because of the way things had gone into our relationship." The complainant testified that appellant pushed her and caused her to fall on a table. A photograph of the bruise on the complainant's back caused by this fall was admitted in evidence. According to the complainant, appellant also slapped her several times.

The court's jury charge at the guilt-innocence stage authorized appellant's conviction for assault if the jury found beyond a reasonable doubt that he struck, pushed, or seized the complainant as alleged in the first paragraph of the information. Two verdict forms were submitted to the jury, one for a finding of guilty and one for a finding of not guilty. The special issue was part of the guilty verdict form, and it asked the jury to answer this question yes or no:

> Do you find from the evidence beyond a reasonable doubt that [on the date in question] the defendant, JOVON BELL, a member of a household or family, or in a dating relationship, intentionally or knowingly committed an act that resulted in physical harm, bodily injury, or assault or that was a threat that reasonably placed the

2

> member of a family or household in fear of imminent physical harm, bodily injury, or assault[?]

*See* Tex. Fam. Code Ann. § 71.004 (West 2008).[2]

     The charge included the definitions of "household" and "dating relationship." *See id*. §§ 71.0021(b),[3] .005.[4]  In his first point of error, appellant contends that because the term "family" appeared in the special issue, the court's charge should also have included the pertinent statutory definition. *See id*. § 71.003.[5]  Appellant did not ask the court to include this definition in the charge, nor did he object to its absence.

     The uncontradicted evidence showed that appellant and the complainant were in a "dating relationship" and lived together in a "household."  There was no evidence that appellant and the complainant were a "family."  Thus, it is questionable whether the definition of "family" was law applicable to the case so as to require its inclusion in the jury charge in the absence of a request. *See Huizar v. State*, 12 S.W.3d 479, 483 (Tex. Crim. App. 2000).  Furthermore, because there was no

---

[2] "'Family violence' means: (1) an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault . . . ."

[3] "'[D]ating relationship' means a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature."

[4] "'Household' means a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other."

[5] "'Family' includes individuals related by consanguinity or affinity . . . , individuals who are former spouses of each other, individuals who are the parents of the same child, without regard to marriage, and a foster child and foster parent, without regard to whether those individuals reside together."

evidence raising an issue as to whether appellant and the complainant were a "family," the omission of the definition, even if error, was not egregiously harmful to the defense. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). Appellant notes that in the prosecutor's final argument at the guilt stage, she said, "So under the dating definition and the household member definition they meet the definition of family members for a family violence case." What the prosecutor was explaining, perhaps inartfully, was that violence involving persons in a "dating relationship" or who live together in a "household" falls within the scope of the special issue. We are not convinced that, in the absence of the definition of "family," the prosecutor's remark was likely to have confused the jury to appellant's detriment, much less caused him egregious harm. Point of error one is overruled.

In his second point, appellant contends that the special issue should not have permitted a finding of family violence based on a finding that he threatened physical harm, bodily injury, or assault to a member of his family or household. Once again, appellant did not object to the charge on this ground.

Appellant first argues that there is a conflict between the definition of family violence found in family code section 71.004, on which the special issue was based, and penal code section 22.01(b)(2)(A). Appellant does not explain the significance of the alleged conflict to this case, in which the State did not invoke section 22.01(b)(2)(A). In any event, there is no conflict between the two statutes. Section 22.01(b)(2)(A) provides an enhanced punishment for a bodily injury assault committed by one member of a "family," "household," or "dating relationship" against another when it is shown that the defendant has previously been convicted of an assaultive offense, including an assault by threat, against a member of the defendant's "family," "household," or "dating

4

relationship." The purpose of the article 42.013 affirmative finding is to simplify the prosecution of a subsequent domestic assault case by making it unnecessary to relitigate the details of the previous offense. *See State v. Eakins*, 71 S.W.3d 443, 444 (Tex. App.—Austin 2002, no pet.). The definition of "family violence" found in section 71.004 and incorporated into article 42.013 is consistent with this purpose.

Appellant further argues that because he was accused of bodily injury assault under section 22.01(a), the special issue should have been limited to family violence in the form of bodily injury assault. Appellant complains that as worded, the special issue allowed the jury to make a finding of family violence in the form of an assault by threat, of which he was not accused. But the special issue was submitted in such a manner that the jury could not have answered it without first finding that appellant committed the bodily injury assault alleged in the information, as, in fact, it did. If the "threat" language was unnecessary or improper in this case, its inclusion has not been shown to have caused appellant egregious harm. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: November 16, 2010

Do Not Publish