TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-10-00216-CR



 

Jovon Bell, Appellant

v.

The State of Texas, Appellee




FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
NO. C-1-CR-10-200652, HONORABLE MIKE DENTON, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
A jury found appellant Jovon Bell guilty of assault and assessed punishment at
150 days in jail. See Tex. Penal Code Ann. § 22.01 (West Supp. 2010). The jury also found, in
response to a special issue submitted at the guilt stage, that the assault involved family violence. See
Tex. Code Crim. Proc. Ann. art. 42.013 (West 2006).


 In two points of error, appellant contends that
the court erred in its jury charge and in the special issue by failing to define “family” and by
misstating the scope of “family violence.” We overrule these contentions and affirm the conviction.
The information in this cause contained two paragraphs. The first alleged that
appellant intentionally, knowingly, and recklessly caused bodily injury to the complaining witness
by striking her on the head, pushing her, and seizing her. See Tex. Penal Code Ann. § 22.01(a)(1). 
The second alleged the same criminal conduct, adding that the complainant was a family or
household member or had a dating relationship with appellant. We infer that the second paragraph
was intended to inform appellant that the State would seek an affirmative finding pursuant to
article 42.013. The information did not allege and the State did not seek to prove that appellant had
a previous conviction for an offense involving family violence, which would have elevated the
offense from a class A misdemeanor to a third degree felony. See id. § 22.01(b)(2)(A).
The complainant testified that she and appellant had been in a relationship for
six years and were living together on the date in question. She said that when appellant arrived home
that day, he was angry because of an earlier conversation in which the complainant had mentioned
“moving out the next day and basically us not being a couple any more because of the way things
had gone into our relationship.” The complainant testified that appellant pushed her and caused her
to fall on a table. A photograph of the bruise on the complainant’s back caused by this fall was
admitted in evidence. According to the complainant, appellant also slapped her several times.
The court’s jury charge at the guilt-innocence stage authorized appellant’s conviction
for assault if the jury found beyond a reasonable doubt that he struck, pushed, or seized the
complainant as alleged in the first paragraph of the information. Two verdict forms were submitted
to the jury, one for a finding of guilty and one for a finding of not guilty. The special issue was part
of the guilty verdict form, and it asked the jury to answer this question yes or no:
 
Do you find from the evidence beyond a reasonable doubt that [on the date in
question] the defendant, JOVON BELL, a member of a household or family, or in a
dating relationship, intentionally or knowingly committed an act that resulted in
physical harm, bodily injury, or assault or that was a threat that reasonably placed the
member of a family or household in fear of imminent physical harm, bodily injury,
or assault[?]
 
 
See Tex. Fam. Code Ann. § 71.004 (West 2008).



The charge included the definitions of “household” and “dating relationship.” See
id. §§ 71.0021(b),


 .005.


 In his first point of error, appellant contends that because the term
“family” appeared in the special issue, the court’s charge should also have included the pertinent
statutory definition. See id. § 71.003.


 Appellant did not ask the court to include this definition in
the charge, nor did he object to its absence.
The uncontradicted evidence showed that appellant and the complainant were in a
“dating relationship” and lived together in a “household.” There was no evidence that appellant and
the complainant were a “family.” Thus, it is questionable whether the definition of “family” was law
applicable to the case so as to require its inclusion in the jury charge in the absence of a request. See
Huizar v. State, 12 S.W.3d 479, 483 (Tex. Crim. App. 2000). Furthermore, because there was no
evidence raising an issue as to whether appellant and the complainant were a “family,” the omission
of the definition, even if error, was not egregiously harmful to the defense. See Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g). Appellant notes that in the prosecutor’s
final argument at the guilt stage, she said, “So under the dating definition and the household member
definition they meet the definition of family members for a family violence case.” What the
prosecutor was explaining, perhaps inartfully, was that violence involving persons in a “dating
relationship” or who live together in a “household” falls within the scope of the special issue. We
are not convinced that, in the absence of the definition of “family,” the prosecutor’s remark was
likely to have confused the jury to appellant’s detriment, much less caused him egregious harm. 
Point of error one is overruled.
In his second point, appellant contends that the special issue should not have
permitted a finding of family violence based on a finding that he threatened physical harm, bodily
injury, or assault to a member of his family or household. Once again, appellant did not object to
the charge on this ground.
Appellant first argues that there is a conflict between the definition of family violence
found in family code section 71.004, on which the special issue was based, and penal code section
22.01(b)(2)(A). Appellant does not explain the significance of the alleged conflict to this case, in
which the State did not invoke section 22.01(b)(2)(A). In any event, there is no conflict between the
two statutes. Section 22.01(b)(2)(A) provides an enhanced punishment for a bodily injury assault
committed by one member of a “family,” “household,” or “dating relationship” against another when
it is shown that the defendant has previously been convicted of an assaultive offense, including an
assault by threat, against a member of the defendant’s “family,” “household,” or “dating
relationship.” The purpose of the article 42.013 affirmative finding is to simplify the prosecution
of a subsequent domestic assault case by making it unnecessary to relitigate the details of the
previous offense. See State v. Eakins, 71 S.W.3d 443, 444 (Tex. App.—Austin 2002, no pet.). The
definition of “family violence” found in section 71.004 and incorporated into article 42.013 is
consistent with this purpose.
Appellant further argues that because he was accused of bodily injury assault under
section 22.01(a), the special issue should have been limited to family violence in the form of bodily
injury assault. Appellant complains that as worded, the special issue allowed the jury to make a
finding of family violence in the form of an assault by threat, of which he was not accused. But the
special issue was submitted in such a manner that the jury could not have answered it without
first finding that appellant committed the bodily injury assault alleged in the information, as, in fact,
it did. If the “threat” language was unnecessary or improper in this case, its inclusion has not been
shown to have caused appellant egregious harm. Point of error two is overruled.
The judgment of conviction is affirmed.
 
 
                                                __________________________________________
                                                Jan P. Patterson, Justice
Before Justices Patterson, Puryear and Henson
Affirmed
Filed: November 16, 2010
Do Not Publish