# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00268-CR

**Robert Kenneth Smith, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF RUNNELS COUNTY
### NO. 24,299, HONORABLE MARILYN EGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Robert Kenneth Smith guilty of assault and assessed punishment at one year in jail and a $4000 fine. *See* Tex. Penal Code Ann. § 22.01 (West Supp. 2010). On the jury's recommendation, the court suspended imposition of sentence and placed appellant on community supervision. Appellant complains of error in the admission of evidence and in the charge, and asserts that his trial counsel was ineffective. We overrule these contentions and affirm the conviction.

On January 12, 2009, officers responded to a domestic disturbance call at the residence of appellant and his wife, Debra Dale Smith. Both bore signs of a physical struggle. Appellant had blood on the bridge of his nose, a bite mark on his arm, and various cuts and abrasions. Appellant's wife had red marks on her side and legs. Debra Smith, who did not testify at appellant's trial, told the officers that appellant had repeatedly struck her with a cane and held a

gun to her head during an argument. She admitted biting appellant in self-defense. In his testimony, appellant admitted striking his wife with his cane, but he claimed that he did so only after she had pushed and bitten him, and after she had struck him with a dust mop and broken his glasses.

Two police officers testified that appellant was armed with a pistol when they arrived at the scene. Appellant admitted being armed during the incident, but he testified that he has a license to carry a concealed firearm and denied pointing the pistol at his wife. Appellant now contends that the trial court erred by admitting the pistol into evidence. He argues that because the information did not allege the use of a firearm, the weapon was not relevant and its admission was unfairly prejudicial.[1] *See* Tex. R. Evid. 402, 403. We review the admission of evidence for an abuse of discretion. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008).

Appellant did not object to the officers' testimony describing the discovery and seizure of the weapon, and thus he cannot complain on appeal that the fact of his being armed was irrelevant or unfairly prejudicial. *See* Tex. R. App. P. 33.1; Tex. R. Evid. 103(a)(1). Moreover, the jury was entitled to know all the surrounding facts and circumstances of the alleged offense, and his being armed at the time of the alleged assault was same transaction contextual evidence. *See Robers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993); *Moreno v. State*, 721 S.W.2d 295, 301 (Tex. Crim. App. 1986). Under the circumstances, we are unpersuaded that the pistol itself was not relevant evidence or that its admission was unfairly prejudicial. We find no abuse of the trial court's discretion. Issue two is overruled.

---

[1] The information alleged that appellant "intentionally, knowingly and recklessly caused bodily injury to Debra Dale Smith by striking [her] with a cane, by punching [her], and by kicking [her]."

Appellant contends that the trial court's jury charge erroneously characterized the offense for which he was on trial as assault on a family member. Appellant must show that the jury charge was erroneous and, because he did not object, show that the error was egregiously harmful to the defense. *See Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998) (stating that there must be error in charge before *Almanza* applies); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (stating standards of review for charge error).

The charge told the jury that appellant was accused of assault on a family member. In the application paragraph, the court instructed the jury to convict appellant of assault on a family member if it found that he "intentionally, knowingly or recklessly caused bodily injury to Debra Dale Smith, his wife." The verdict form required the jury to find appellant guilty or not guilty of assault on a family member, and the trial court's judgment recites that appellant was convicted of assault on a family member. Appellant argues that the charge was erroneous because the information did not allege that Debra Smith was his wife or a member of his family, and therefore the family relationship was not an element of the offense. He urges that the error egregiously harmed him because the conviction may potentially be used to enhance a future assault to a felony and to restrict his right to bear arms. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A) (providing that bodily injury assault is third degree felony if committed against family member and defendant has previous conviction for assault against family member); *id*. § 46.04(b) (West Supp. 2010) (prohibiting possession of firearm by person convicted of misdemeanor assault against family member).

The record does not reflect why the trial court charged the jury as it did. Perhaps the court believed that it was necessary to charge the jury regarding the family relationship in order to comply with code of criminal procedure article 42.013. That statute provides that "if the court

3

determines [in a trial of an offense against the person] that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case." Tex. Code Crim. Proc. Ann. art. 42.013 (West 2008). In fact, a jury submission was not required because article 42.013 assigns the responsibility for making the family violence determination solely to the trial court. *Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006).

Assuming without deciding that the trial court's charge was erroneous, we conclude that appellant was not egregiously harmed. It was undisputed at trial that Debra Smith was appellant's wife, and thus it was undisputed that the offense involved family violence. *See* Tex. Fam. Code Ann. §§ 71.003, .004 (West 2008) (defining "family" and "family violence"). Therefore, the trial court was authorized to make an article 42.013 finding even without a jury finding. *Butler*, 189 S.W.2d at 302. Moreover, in a prosecution under section 22.01(b)(2)(A) for a subsequent family violence assault, it is not necessary that the judgment from the previous conviction contain an article 42.013 finding; the State may use extrinsic evidence to prove that the previous assault was committed against a family member. *State v. Eakins*, 71 S.W.3d 443, 445 (Tex. App.—Austin 2002, no pet.). For the reasons discussed in *Eakins*, extrinsic evidence of a conviction involving family violence could also be used in a prosecution under section 46.04. Because the alleged charge error was not egregiously harmful, issue one is overruled.

Finally, appellant contends that his trial counsel rendered ineffective assistance. To prevail on this claim, appellant must show by a preponderance of the evidence that his attorney made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced appellant's defense to such a degree that he was deprived of a fair trial. *See Strickland*

4

*v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). To satisfy the performance component of *Strickland*, appellant must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 688; *Perez*, 310 S.W.3d at 893. Any allegation of defective representation must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). In most cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Id*.[2] To satisfy the prejudice component of *Strickland*, the defendant must show that, but for counsel's deficient performance, the result of the trial would have been different. *Strickland*, 466 U.S. at 694; *Perez*, 310 S.W.3d at 893.

Under this issue, appellant has listed ten "points of error" by his trial counsel. We will address each point as presented, keeping in mind that we assess the totality of counsel's representation, rather than isolated acts or omissions. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986).

First, appellant asserts that his trial counsel failed to investigate the facts of the case. Appellant urges that if counsel had properly investigated, he would have learned that appellant's wife described other acts of physical violence or threats of physical violence in an affidavit supporting her application for a protective order, and he would not have asked appellant at trial if there had ever

---

[2] Appellant filed a pro se motion for new trial asserting that his trial counsel failed to adequately prepare for trial. Appellant's counsel on appeal later requested a hearing on this motion. A hearing was set, but it is unclear whether the hearing was held. The court's docket sheet does not mention a hearing. The State's brief states that the hearing was held, but appellant's trial counsel was not subpoenaed to appear. In either case, there is no record of trial counsel's motives.

been any other "such altercations" or "physical violence" between himself and his wife. Appellant answered both of these questions negatively and was later impeached by the State with questions about the allegations in his wife's affidavit.

We do not know why counsel chose to ask appellant these questions, but it was clearly not because counsel was unaware of the protective order. Counsel questioned appellant about the order before asking the questions about which appellant now complains. We must assume that counsel gave appellant the opportunity to deny any other acts of violence pursuant to his trial strategy, which was to have appellant deny the truth of his wife's statements to the police and to assert that he struck her only in self-defense.

In points two, three, and four, appellant contends that his trial attorney either failed to object or failed to properly object to the testimony regarding his possession of a firearm and to the admission of the weapon into evidence. We have already explained that the testimony was admissible as same transaction contextual evidence; therefore, counsel's failure to object cannot be considered evidence of ineffectiveness. We have considered the merits of appellant's claim that the pistol itself was inadmissible, and any questions regarding the adequacy of counsel's objections to the admission of the pistol are moot.

In his fifth point, appellant complains that his attorney failed to object to the admission of appellant's unwarned oral and written statements to Deputy David Sellars. Sellars testified that he interviewed both appellant and his wife at their residence shortly after the incident, and that he also obtained written statements from both of them. The record reflects that appellant's oral statements to Sellars were made at his residence soon after the officer arrived and at a time when appellant was plainly not in custody. Appellant later made a written statement at the police station

6

at Sellars's request, but this statement does not appear to have been the product of custodial interrogation.[3] In any event, this written statement was not offered or introduced.

Sellars testified that he returned to the Smith residence the day after the incident and took photographs of Debra Smith's injuries. In point six, appellant complains that his trial counsel should have objected to Sellars's testimony recounting statements his wife made to him on that occasion, which he asserts were inadmissible under both the rules of hearsay and *Crawford v. Washington*, 541 U.S. 36 (2004). Although Sellars did recount statements Debra Smith made to him, he did not testify as to when or under what circumstances these statements were made. On this record, it cannot be determined that any of Debra Smith's out-of-court statements to Sellars were inadmissible under either the hearsay rule or *Crawford*.[4]

Appellant next complains that his trial counsel allowed the State to improperly cross-examine him. Appellant asserts that counsel should have objected when, at the guilt-innocence stage, the State questioned him about the statements describing other acts of violence found in his wife's application for a protective order (appellant said they were untrue), asked him why she made those statements (he said he did not know), and asked him why she did not appear in court to testify (he said she did not want to testify). Appellant contends that his attorney also should have objected at the punishment stage when the State asked him about an incident in 1978 in which appellant shot

---

[3] Appellant testified, "[Sellars] didn't arrest me . . . . [H]e just said he wanted a statement at the time." He added, "I was put in a library [alone] and wrote out my statement."

[4] Appellant does not question the admissibility of his wife's statements to Sellars on the night of the incident, which appear to have been excited utterances under the hearsay rules and nontestimonial under *Crawford*. *See* Tex. R. Evid. 803(2); *Davis v. Washington*, 547 U.S. 813, 822 (2006).

and killed a man (appellant said that a jury found that he acted in self-defense). Without hearing counsel's explanation, we cannot say that his failure to object to this cross-examination was outside the broad range of reasonably effective counsel.

Appellant's eighth complaint is that his attorney failed to object when, during argument at the punishment stage, the prosecutor referred to appellant's "dangerous pattern." In light of the 1978 shooting, the incident underlying appellant's conviction, and testimony at the punishment stage describing a more recent incident in which appellant threatened another man with a pistol, defense counsel could have believed that the prosecutor's argument was a reasonable deduction and thus unobjectionable.

Appellant asserts that his attorney was ineffective during the jury selection process. Appellant notes that counsel's voir dire was brief, consisting primarily of an inquiry into the panelists' attitude regarding a man using force against a woman in self-defense. Appellant contends that at the very least, counsel also should have questioned the panelists regarding their understanding of the burden of proof. The record reflects, however, that the prosecutor had covered this subject during his voir dire. The record also reflects that, in answer to the prosecutor's inquiry, thirteen members of the panel indicated that they were acquainted with defense counsel, seven of them because he had represented them in a legal matter. Four of the panelists who knew defense counsel served at trial. We must assume that counsel was familiar with the panelists and did not need to conduct an extensive voir dire.

Finally, appellant complains of his attorney's failure to object to the charge error discussed previously. As we have already explained, even if counsel had successfully objected to the inclusion of the family relationship in the charge, this conviction could still be used to support

8

a future prosecution for family violence assault or unlawfully carrying a weapon. Thus, this alleged failing by counsel has not been shown to have prejudiced appellant.

Appellant has not met his burden of persuasion as to either prong of *Strickland*. Issue three is overruled.

The judgment of conviction is affirmed.

_____

Melissa Goodwin, Justice

Before Justices Henson, Rose and Goodwin

Affirmed

Filed: February 2, 2011

Do Not Publish