Affirmed; Opinion Issued October 10, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00839-CR

WILLIAM HUGGINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F10-51870-I

# MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang
Opinion By Justice Francis

William Huggins appeals his conviction for felony assault family violence. After the jury found him guilty, the trial court assessed punishment at ten years in prison. In three issues, appellant claims the evidence is insufficient to prove he was previously convicted of a family violence offense and the trial court erred in charging the jury. We affirm.

Loquitta Howard and appellant dated for several years. On February 1, 2010, the two gave appellant's mother, Ms. Freddie, a ride to B&G, the neighborhood "stop and shop," to buy some cigarettes. Howard knew Ms. Freddie would not be able to get out of the car because the back seat doors had child-proof locks which were engaged. Once they arrived at the B&G, Howard got out of the car and opened the back door for Ms. Freddie. Appellant became upset and started yelling and

cursing at her because she "opened the door up for his mother."

When Ms. Freddie got back in the car, appellant was still yelling and fussing. Howard told her appellant acted this way when he was upset and had been drinking, and appellant responded by hitting Howard in the face. He also took her phone from her. When they arrived home, Howard told appellant she was going to open the door for Ms. Freddie. He threatened to kick her if she did. Despite appellant's threats, Howard got out and opened the back car door for Ms. Freddie.

Appellant jumped out of the car and knocked Howard down. He stomped on her glasses and kicked her, leaving bruises and boot prints on her body. Howard managed to find her cell phone and called the police who arrested appellant.

During trial, the State introduced evidence that appellant had been charged with assaulting a woman named Anita Henderson in 2004. Appellant pleaded guilty, and the trial court deferred adjudication of guilt. The deferred adjudication order contained an affirmative finding of family violence.

In his first issue, appellant claims the evidence is insufficient to support his conviction of felony assault family violence because the State failed to prove a prior conviction for assault family violence. Specifically, he argues the evidence shows the conviction was for assaulting "another girlfriend" and a dating assault was not family violence at the time of the prior conviction.

We review a challenge to the sufficiency of the evidence under well established standards. *See Jackson v. Virginia*, 444 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). A person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). Although usually a Class A misdemeanor, the offense is elevated to a third degree felony if it is committed against a person whose relationship with the defendant is described in sections 71.0021(b) (dating), 71.003 (family),

or 71.005 (household) of the family code and the defendant has been convicted previously of an assault involving family violence. *Id.* § 22.01(b)(2)(A); *see* TEX. FAM. CODE ANN. §§ 71.0021(b), 71.003, 71.005 (West 2008 & Supp. 2012). If the trial court determines the offense "involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case." TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2006); TEX. FAM. CODE ANN. § 71.004 (West 2008).

To prove the defendant had been previously convicted of an assault involving family violence, the State may introduce the prior judgment containing the affirmative finding of family violence. *See State v. Eakins*, 71 S.W.3d 443, 444 (Tex. App.—Austin 2002, no pet.) ("Article 42.013 was obviously intended to simplify the prosecution of subsequent family assault cases by making it unnecessary to relitigate the details of the previous assault. Instead, the State may rely on the affirmative finding in the prior judgment to prove that the victim of the defendant's previous assault was a family member."). For purposes of penal code section 22.01(b)(2)(A), a defendant was "previously convicted" of an assault involving family violence if he "was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offence was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision . . . ." TEX. PENAL CODE ANN. § 22.01(f)(1).

In this case, the indictment and jury charge alleged appellant intentionally, knowingly, or recklessly caused bodily injury to Howard, a member of his household or family or with whom he had a dating relationship. In addition, the indictment and charge alleged he had been convicted previously of aggravated assault with a deadly weapon of a person who was a member of appellant's household and family and with whom he had a dating relationship, and that the offense, cause

−3−

number F04-74140 from the 283rd Judicial District Court on November 2, 2005, constituted a family violence offense under section 22.01(b)(2) of the penal code.

During the testimony of Deputy Margaret Brown, the State introduced, without objection, exhibit #2, the trial court's order of deferred adjudication in cause number F04-74140 from the 283rd Judicial District Court, in which appellant pleaded guilty to aggravated assault. Brown testified she was an expert in fingerprint analysis and took appellant's fingerprints before trial. She then compared those prints to the prints taken at the time of the judgment in cause number F04-74140 and determined the fingerprints from the judgment were appellant's. The November 2, 2005 deferred adjudication order contains an affirmative finding of family violence. This evidence is sufficient to establish a prior conviction for assault involving family violence. *See Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).

In reaching this conclusion, we necessarily reject appellant's argument that the law in effect at the time of his prior conviction did not provide for a dating relationship to constitute "family violence." At the time of appellant's first assault charge, article 42.013 of the code of criminal procedure provided that, in a trial of an offense under Title 5 (including assault), the trial court shall make an affirmative findings of family violence if the court determines "the offense involved family violence, as defined by Section 71.004, Family Code." TEX. CODE CRIM. PROC. ANN. art. 42.013. Section 71.004 of the family code defined family violence as "an act by a member of a family or household against another member of the family or household" or "dating violence, as that term is defined by Section 71.0021." TEX. FAM. CODE ANN. § 71.004. Section 71.0021 defined dating violence as an act committed against a victim with whom the actor has or has had a dating relationship. Act of April 27, 2001, 77th Leg., R.S., ch. 91, 2001 Tex. Gen Laws 176, 176 (current version at TEX. FAM. CODE ANN. § 71.0021(a)). As noted, all three provisions were in effect at the

time appellant was charged with assaulting Henderson, thereby allowing a finding of family violence whether appellant assaulted a member of his family or household or someone with whom appellant had a dating relationship. Because the law at the time allowed for a finding of family violence based on a dating relationship and the State properly established the prior conviction for assault family violence, we overrule appellant's first issue.

In his second issue, appellant claims the trial court erred by instructing the jury to "consider whether there was a dating relationship" with respect to the prior 2005 offense involving Henderson because, under the law in effect at the time, dating violence could not be used to enhance an assault.

As noted above, the law in effect at the time of appellant's prior conviction allowed for a dating relationship to form the basis of a finding of family violence. Thus, his claim of jury charge error lacks merit. We overrule his second issue.

In his third issue, appellant claims the trial court erred by commenting on evidence of dating violence in the prior case. Although he concedes the trial court made no such comment, appellant argues the "jury would have assumed . . . dating violence" occurred. To the extent he complains about specific wording in the charge, we note the charge does not contain the phrase "dating violence" or "violence." Furthermore, because the trial court did not err in instructing the jury, the proper instruction tracking the language of a relevant statute could not have constituted a comment on the weight of the evidence. *See Riddle v. State*, 888 S.W.2d 1, 8 (Tex. Crim. App. 1994). We overrule appellant's third issue.

We affirm the trial court's judgment.

MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110839F.U05

–5–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM HUGGINS, Appellant

No. 05-11-00839-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 2 of Dallas County, Texas. (Tr.Ct.No. F10-51870-I).
Opinion delivered by Justice Francis, Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 10, 2012.

_____
MOLLY FRANCIS
JUSTICE