

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00127-CR

**JUAN ROEL GARZA,**

                                             **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                             **Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 10-03627-CRF-272

## MEMORANDUM OPINION

Juan Roel Garza was convicted of assault which was elevated to a third degree felony because of a prior conviction for assault against a family member or member of the household. TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (West 2011). The conviction was further enhanced to a second degree felony because of a prior felony conviction. Garza was sentenced to 10 years in prison. The trial court's judgment is affirmed.

Garza first argues that the evidence is insufficient to support the jury's verdict because the State did not prove Garza had been previously convicted of an assault against a family member or member of the household. Specifically, Garza argues that a 2009 misdemeanor assault information was not introduced into evidence to prove that Garza had been previously convicted of an assault of a family member or member of the household.

A person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). Such an offense is a felony of the third degree if it is shown on the trial of the offense that the defendant has been previously convicted of an offense against a person who is a family member or member of the household. *Id*. § 22.01(b)(2)(A); TEX. FAM. CODE ANN. §§ 71.003, 71.005 (West 2008).

While the misdemeanor information was not introduced into evidence, the judgment, which reflected an affirmative finding of family violence, was introduced. If the trial court determines that certain offenses involved family violence, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case. TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2008). Compliance with article 42.013 avoids the need for extrinsic evidence and the possible complications, if any, attendant to its introduction. *State v. Eakins*, 71 S.W.3d 443, 445 (Tex. App.—Austin 2002, no pet.). Further, the State may rely on the affirmative finding

in the prior judgment to prove that the victim of the defendant's previous assault was a family member. *Id*. at 444.

Moreover, the pertinent parts of the 2009 misdemeanor information, that the offense alleged in the information was an "assault bodily injury family violence" against Laura Valadez, was read into evidence without objection. All evidence, whether properly or improperly admitted into evidence is considered in a sufficiency of the evidence review. *Johnson v. State*, 871 S.W.2d 183 (Tex. Crim. App. 1993); *see also Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). Further, Valadez testified that Garza had been her "mate" for three or four years, he was the father of her first two children, and they were together in 2010 when the underlying offense took place. Therefore, reviewing all of the evidence in the light most favorable to the prosecution, we find the evidence sufficient to show that Garza had been previously convicted of assault-family violence. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). His first issue is overruled.

In his second issue, Garza contends that the trial court erred by commenting on the weight of the evidence when he took judicial notice of a date of birth listed in the indictment in this case and noted that the date was the same as that listed on the 2009 information. A timely, specific objection is necessary to preserve a complaint concerning a trial court's alleged comment on the weight of the evidence. *See* TEX. R.

APP. P. 33.1(a); *Peavey v. State*, 248 S.W.3d 455, 470 (Tex. App.—Austin 2008, pet. ref'd).

*See also Havard v. State*, 800 S.W.2d 195, 211 (Tex. Crim. App. 1989), *reversed on other grounds*, No. 69,581, 1990 Tex. Crim. App. LEXIS 145, at *16 (Tex. Crim. App. 1990) (op. on reh'g).   Garza did not object to the trial court's statement.   Accordingly, his complaint is not preserved, and his second issue is overruled.

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed July 18, 2013
Do not publish
[CR25]